Submitted on briefs July 14, decided August 3, 1910.

## HALL v. HOOD RIVER IRR. DIST.

[110 Pac. 405.]

WATERS AND WATER COURSES — IRRIGATION DISTRICTS — ISSUANCE OF
    BONDS.
1. Section 4714, B. & C. Comp., as amended by Gen. Laws 1909,
p. 364, provides that "for the purpose of procuring necessary property
and rights therefor and otherwise carrying out the provisions of this act"
the board of directors of any irrigation district shall formulate a plan
and estimate the cost of carrying it out, and determine the mode of
raising the necessary funds therefor, and after submitting the plans to
the State Engineer, and receiving his report, the board shall call a
special election to determine whether bonds shall be authorized, and,
if the bonds authorized are insufficient and said board deems it for the
best interests of the district that additional bonds be issued, it may
again submit the question to the electors, and, if additional bonds be
not voted, it shall be the duty of the board to provide for the completion
of the plans by levy of assessments. Section 4714, B. & C. Comp., prior
to amendment, provided that for the purpose of "carrying out the pro-
visions of this act" the board of directors of any irrigation district,
whenever the construction fund has been exhausted, may call a special
election to determine whether bonds shall be issued. *Held* that, where
the directors of an irrigation district have used the funds received from
a sale of bonds issued under Section 4714 prior to amendment, they
are authorized by the amendment thereto to provide for the issuance of
additional bonds.

MUNICIPAL CORPORATIONS—BONDS—AUTHORITY TO ISSUE.
2. Municipalities cannot issue bonds unless the authority to do so
is expressly given or clearly implied.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE KING.

This is a suit by Charles Hall to enjoin the sale of a
second bond issue of $75,000 issued by the Hood River
Irrigation District. The complaint alleges:

"(1) That ever since the month of May, in the year
1905, the said defendant was and is now an irrigation dis-
trict, duly organized and existing and doing business
under and by virtue of the provisions of Chapter 5 of
Title 39 of Bellinger and Cotton's Annotated Codes and
Statutes of Oregon, and the amendments thereto. That
said irrigation district is situated wholly within Hood
River County, in the State of Oregon.

"(2) That plaintiff at and during all the times herein
mentioned was, and is now, the owner and holder of title
to the following described real property situated in said

district, to-wit: Beginning at a point 780.3 feet south from the northwest corner of the N. W. ¼ of section 17, township 2 N., range 10 E. of the Willamette meridian, said point of beginning being on section line in township 2 N., range 10 E.; thence east 2,795.2 feet, south 471 feet, west 2,795.2 feet, to section line between sections 17 and 18; thence north 471 feet, to place of beginning, containing 30 acres of land more or less.

"(3) That said defendant heretofore, between the month of August, in the year 1905, and the month of October, in the year 1906, for the purpose of constructing necessary irrigating canals and works and acquiring necessary property and rights therefor, and for the purpose of carrying out the provisions of its organization duly and regularly, under and by virtue of the provisions of Sections 4714, 4715, and 4716 of Bellinger and Cotton's Codes and Statutes of Oregon, duly and regularly issued and sold the bonds of said irrigation district to the amount of $100,000, and that said sum of $100,000 was expended by said defendant in constructing necessary irrigating canals and works and acquiring necessary property and rights therefor, and for the purpose of carrying out the provisions of said Chapter 5 of said Bellinger and Cotton's Codes and Statutes of the State of Oregon. That said fund of $100,000 has been wholly exhausted by said expenditure, and the same was insufficient for the completion of the plans and works adopted.

"(4) That on August 9, 1909, the said defendant by and through its board of directors by resolution entered on its record, formulated a general plan of its proposed works in constructing its ditches and canals in which said general plan the said board stated in a general way what works and property it proposed to purchase and acquire, and what works it proposed to construct, and the estimated cost for carrying out said plans, and how it proposed to raise the necessary funds therefor, to-wit, by a bond issue and sale of the same. That for the purpose of ascertaining the estimated cost and value of such works said board caused surveys, examinations, and plans to be made to demonstrate the practicability of such plan, and to furnish the proper basis for an estimate of the cost of carrying out the same. That said surveys, examinations, maps, plans, and estimates were made under the direction of a competent irrigation engineer and certified to by him.

"(5) That thereafter said board submitted a copy of said surveys, examinations, maps, plans, and estimates to the State Engineer, and within 90 days thereafter the said State Engineer made and filed a report upon the same with said board, which said report contained such matters as in the judgment of the State Engineer were reasonably necessary. That the report of the State Engineer was received by said board in the month of January, in the year 1910, and the said report of the State Engineer was approved and accepted by said board, and said board on the 1st day of February, in the year 1910, proceeded to determine the amount of money necessary to be raised at $70,000, and determined upon a bond issue to the amount of $70,000. And it was determined on February 1, 1910, by said board for the best interests of said district to call a special election on the 26th day of February, in the year 1910, at Barrett school house in said irrigation district, to submit to the electors of said district the question of whether or not the bonds of said district in the sum of $70,000 should be issued for the purpose of building ditches and flumes, and the carrying out of necessary work and the payment of necessary costs and expenses to supply water to the landowners of said district for irrigating purposes.

"(6) That the following notice of said election was posted in three public places in each election precinct in said district for 20 days prior to February 26, 1910, and the same was also published in the Hood River Glacier, a newspaper published in Hood River County, Oregon, where the office of the board of directors of said district is kept, once a week for at least three successive weeks prior to said election: 'Notice of Special Bond Election, Hood River Irrigation District. Feb. 26, 1910. Notice is hereby given, pursuant to order of the board of directors of the Hood River Irrigation District, that a special bond election will be held at the Barrett school house in said district, Hood River County, Oregon, on Saturday, the 26th day of February, 1910, at which time there will be submitted to the qualified electors of said district the question of issuing the bonds of the district in a sum not exceeding $70,000 (seventy thousand dollars) for the purpose of building ditches, flumes, and the carrying out of necessary work, and the payment of necessary costs and expenses to supply water to the landowners of said district for

irrigation purposes. The polls will be opened one hour after sunrise of said day and will close at sunset of said day. Dated and first posted February 2, 1910, by order of the board of directors of the Hood River Irrigation District. R. W. Kelly, Secretary, Hood River Irrigation District.'

"(7) That said election was held as by law required, and that at said election there were a total of forty-eight (48) votes cast, forty-six (46) of which were 'bonds yes' and two (2) of which votes were 'bonds no,' so that there were forty-six (46) votes in favor of bonds and two (2) votes against bonds.

"(8) That on the 28th day of February, in the year 1910, the said board of directors met for the purpose of canvassing the returns of said election, and said board found that said election was duly and regularly had and held, and that there were a total of 48 votes cast at the election, 46 for bonds and 2 against bonds, and the result of said election was declared and entereu of record.

"(9) That all the matters above set forth were declared of record by said board in its minutes.

"(10) That said board are now proceeding to and threaten to, and will, unless restrained by this honorable court, sell the bonds of said district under and by virtue of the authority attempted to be vested in them by said election of February 26, 1910.

"(11) That said bond issue is null and void, as said district possesses no authority by law or statute to issue or sell said bonds, for the reason that it having already sold its first bond issue above mentioned, and, having exhausted the proceeds of the same, there is no statute authorizing any further bond issue or sale.

"(12) That plaintiff has no speedy, adequate, or sufficient relief at law, and, unless the court interfere and enjoin the said defendants from selling said bonds, the said plaintiff will be greatly and irreparably damaged, and the said bond issue and said bonds will be a cloud upon plaintiff's title to said real property.

"Wherefore plaintiff prays for a decree of court annulling and canceling said bond issue, and plaintiff further prays that during the pendency of this suit that the said irrigation district, its officers and agents, be enjoined and restrained from selling said bonds and from taking any

further proceedings in the matter of the sale and issuance of said bonds, and plaintiff prays for such other and further relief as to the court may seem just and equitable."

To this complaint a demurrer was interposed on the grounds that it did not state facts sufficient to constitute a cause of suit; and from a judgment sustaining the demurrer and dismissing the suit plaintiff appeals.

AFFIRMED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court.  50 Or. 580 (91 Pac. VIII.)

For appellant there was a brief over the name of *Mr. A. J. Derby.*

For respondent there was a brief over the names of *Messrs. Bennett & Sinnott.*

MR. JUSTICE KING delivered the opinion of the court.

1. The sole question presented by this appeal is whether, under Section 4714, B. & C. Comp., as amended by Chapter 219 of the General Laws of 1909, defendant is authorized, after having exhausted the funds received from a sale of bonds issued under the section prior to the amendment, to make and sell an additional bond issue. The plaintiff insists that this right is excluded by the amendment, while counsel for defendant maintains that this authority is clearly implied in the law as amended. Section 4714 of the Code, prior to amendment, so far as it bears upon this question, provided:

"For the purpose of constructing necessary irrigating canals and works, and acquiring the necessary property and rights therefor, and otherwise carrying out the provisions of this act, the board of directors of any such district must, as soon after such district has been organized as may be practicable, and whenever thereafter the construction fund has been exhausted by expenditures herein authorized therefrom, and the board deem it necessary or expedient to raise additional money for said pur-

poses, estimate and determine the amount of money necessary to be raised, and shall immediately thereafter call a special election, at which shall be submitted to the electors of such district possessing the qualifications prescribed by this act, the question whether or not the bonds of said district in the amount as determined shall be issued. * *"

The section as amended reads:

"For the purpose of procuring necessary reclamation works, and acquiring the necessary property and rights therefor *and otherwise carrying out the provisions of this act,* the board of directors of any such district shall, as soon as practicable after the organization of such district, by a resolution entered on its records, formulate a general plan of its proposed (works) in which it shall state in a general way what works or property it proposes to purchase or acquire, *and what work it proposes to construct,* and the estimated cost of carrying out said plan, and how it proposes to raise the necessary funds therefor. * *"

After specifying the manner in which the bonds shall be issued, etc., the amended section continues:

"In case the money raised by the sale of all the bonds be insufficient for the completion of the plans and works adopted, *and additional bonds be not voted,* it shall be the duty of the board to provide for the completion of said plan by levy of assessments therefor, in the manner herein provided."

2. It is settled law that municipalities cannot issue bonds unless the authority to do so is expressly given or clearly implied. 28 Cyc. 1575. Taking into consideration the italicised expressions in the above excerpts, "and otherwise carrying out the provisions of this act," "what work it proposes to construct," "additional bonds," etc., we thing it manifest that the defendant has brought itself within this rule. More especially does it appear that this authority is implied when the phrases quoted, together with the general object to be obtained by the entire act, is examined in connection with a further statement in the

amended section, to the effect that, after the first bond issue provided "for the purpose of procuring necessary reclamation works * * and otherwise carrying out the provisions of this act * *" shall have been authorized at an election there specified, the board "thereafter" may "whenever * * in its judgment" it is deemed "for the best interest of the district that the question of the issuance of bonds in said amount, or any amount, shall be submitted to said electors, it shall so declare of record in its minutes, and may thereupon submit such questions to said electors in the same manner and with like effect as at such previous election." To hold otherwise would, for obvious reasons, in many instances defeat the very purpose for which the law was enacted. We are of the opinion that the issue complained of is authorized by the act as amended.

The judgment is affirmed.                    AFFIRMED.