THE STATE OF KANSAS, *Appellant*, V. WILLIAM J.
KAEMMERLING *et al., Appellees.*
No. 16,976.

SYLLABUS BY THE COURT.

WITNESSES—*Advancement of Fees on Demand—Action by the
State.* The state is not required to advance fees to a person
who makes a demand therefor when summoned as a witness in
an action, brought by an assistant attorney-general in the
name of the state, to enjoin the maintenance of·a nuisance.

Appeal from Crawford district court. Opinion filed
November 5, 1910. Reversed.

*Fred ˙S. Jackson,* attorney-general, and *John Mar-
shall* and *George H. Stuessi,* assistant attorneys-general,
for the appellant.

The opinion of the court was delivered by

BENSON J.: The only question for decision in this
case is whether in an action brought by the state to en-
join the maintenance of a nuisance the state is required
to advance the fees of witnesses in order to have com-
pulsory process to enforce their attendance, the wit-
nesses having·demanded their fees when served with
a subpena.

A statute provides that witnesses may demand such
fees, and, if not paid, shall not be obliged to obey the
subpena.  (Code 1909, § 327.)  This provision does
not apply to criminal prosecutions, and it is contended
that it does not apply to a civil action like the present,
brought by the state, under the prohibitory law (Laws
1903, ch. 338, § 1, Gen. Stat. 1909, § 4388) and the
civil code (Code 1909, § 265).

While the language of the statute permitting disobe-
dience of the subpena when fees are demanded and are
not paid is broad enough to include all civil cases, con-
sideration must be given to other provisions of the code

and the reason and effect of the privilege in determining its application.

The state is exempt from the requirement resting upon suitors generally to give security for costs. (Code 1909, § 606.) In obtaining injunctions, as in the present case, a bond is not required (Laws 1903, ch. 338, § 1, Gen. Stat. 1909, § 4388), and it is held by this court that the state is not required to give a bond in obtaining injunctions in other actions when it sues in its sovereign capacity. (*Clay Center v. Williamson,* 79 Kan. 485.) It was said in the opinion cited:

"It would require a most unreasonable construction of section 242 of the code [Code 1909, § 254] to presume an intention on the part of the legislature to place a limitation on the exercise by the state of its sovereign power." (p. 490.)

It is also held that the general language of statutes will be limited to such persons and subjects as it is reasonable to presume the legislature intended. (*The State v. Smiley,* 65 Kan. 240.) It is a general rule that statutes limiting rights or interests will not be interpreted to include the sovereign power, unless it be expressly named or intended by necessary implication. (*The State v. Book Co.,* 69 Kan. 1.)

Applying these principles to the statute in question, it must be held that the state in this action, expressly authorized as it is by statute and conducted by an assistant attorney-general, was not required to advance witness fees. Such a requirement would not only be unreasonable, but very difficult to comply with. Certainly the attorney-general should not be required to advance such fees. The performance of a duty required by law should not be accompanied by such a burden, and the citizen summoned as a witness should not be allowed to obstruct the administration of justice by such a demand. A fair interpretation of the statute in the light of well-settled principles obviates such unjust consequences.

The court erred in refusing the allowance of compulsory process against the defaulting witnesses. The order appealed from is reversed and the cause is remanded for further proceedings.