No. 25,668.

THE STATE OF KANSAS, *ex rel.* CHARLES B. GRIFFITH, Attorney-general, *Plaintiff,* v. JONATHAN M. DAVIS, as Governor, etc., *Defendant.*

No. 25,602.

CONSOLIDATED SCHOOL DISTRICT No. 88, THOMAS AND SHERIDAN COUNTIES, KANSAS, *Plaintiff,* v. NORTON A. TURNER, as State Auditor, etc., *Defendant.*

No. 25,649.

H. T. RITCHIE, *Plaintiff,* v. FRANK DUNN, as Mayor of the City of Wichita, etc., *Defendant.*

ORIGINAL PROCEEDINGS IN MANDAMUS.

MEMORANDUM OF DECISIONS.

(Filed May 17, 1924.)

The decisions of the court were announced by

BURCH, J.: These actions, in form actions of mandamus, were commenced to test validity of the work of the commission to revise the statutes. The governor's case involves inclusion in the assembled sections referred to by the legislature in section 1, chapter 144, of the act of 1923, entitled "An act relating to the Revised Statutes of 1923," of a law which had been repealed in 1909. The auditor's case involves the revision of the municipal bond laws, and the mayor's case involves the revision of the municipal street-improvement laws. The question is presented, therefore, whether changes in form and substance of previously existing statutes, and new matter either originated or adopted by the commission, appearing in the assembled sections now on file with the secretary of state, referred to in the act of 1923, and published as the Revised Statutes of Kansas of 1923, have any force. The court holds that by the act of 1923, which is constitutionally valid, the legislature gave full statutory force and effect to the authenticated work of the commission, on publication.

R. S. 75-112, directing the governor to charge the party requiring his services, for the use of the state, certain fees, is a valid law, notwithstanding the source from which it was derived.

In the auditor's case, it is held that R. S. 10-116 relates to refunding of bonds by agreement with the owner of the bonds, to

whom the refunding bonds, issued in compliance with the general bond law, are to be delivered. R. S. 72-2001 relates to a different class of bonds. Bonds issued under R. S. 10-116 may be issued without an election, and need not be advertised for sale or offered for sale to the school-fund commissioners.

In the mayor's case, attention is directed to R. S. 77-112 and 77-113, which read as follows:

"The provisions of the Revised Statutes, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws, and not as new enactments.

"The arrangement and classification of the several sections of the Revised Statutes have been made for the purpose of convenience and orderly arrangement, and therefore no implication or presumption of a legislative construction is to be drawn therefrom."

The second proviso of R. S. 13-1011 is not new legislation, is a continuation of the provision of the old law relating to cost of improvements in cities having a population of less than 25,000, and does not apply to the city of Wichita. Jurisdiction over street improvements in Wichita initiated before the revision took effect has not been lost, and the cost of the improvements is to be assessed as provided in R. S. 12-601.

The judgment in each case is declaratory, and writs will not be issued. An opinion discussing form, content and validity of the Revised Statutes will be filed later.