No. 26,108.

THE KAW VALLEY DRAINAGE DISTRICT OF WYANDOTTE COUNTY, *Appellee,* v. THE CITY OF KANSAS CITY, *Appellant.*

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Bonds and Securities—Power to Issue.* Municipalities cannot issue bonds or other like securities unless the power to do so is conferred by legislative authority, either express or clearly implied. Any reasonable doubt as to the existence of such power should be resolved against its existence.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCH-INGS, judge. Opinion filed October 10, 1925. Reversed.

*William Drennan, Willard M. Benton, Joseph A. Lynch, A. B. McWilliams* and *H. J. Smith,* all of Kansas City, for the appellant.

*Thomas A. Pollock,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In April, 1924, the Kaw Valley Drainage District of Wyandotte county brought in the district court of that county five separate actions for mandamus against the city of Kansas City to

---

1. Municipal Corporations, 28 Cyc. p. 1575.

compel the city to install at the outlet of its several sewers certain flood gates, pump houses, pumps and pumping apparatus for pumping the sewage and surface water during times of high water and heavy rains over the dikes or levees of the drainage district into the Kansas river. The five cases were heard together in the trial court, resulting in judgments for plaintiff. The defendant has appealed.

The appellee makes numerous objections to considering the appeal. They are highly technical and have no substantial merit. The actions were identical in form and purpose and differed only as to the names and locations of outlets of the five city sewers and the specific equipment sought to be established at each. The evidence, when taken in one case, by stipulation, applied to each of them. The notice of appeal was from the judgments in all of the cases, giving the number of each. The journal entry of judgment in each case was forwarded to the clerk of this court. The cases are presented here upon one abstract and brief and will be considered together.

The city now has, and for about ten years has had, pumping equipment at the outlet of each of the sewers, which equipment has been sufficient for such floods and high waters as have occurred within that time. However, it is contended by plaintiff that such equipment would be wholly inadequate at times of such excessive high waters and extraordinary floods as have at times occurred. Plaintiff had its civil engineers make surveys and determine the capacity of the pumps and character of apparatus which should be installed at the outlet of each sewer to be adequate at all times. It then passed a resolution requiring the city to install the equipment recommended by its engineers, and on the city's failure to do so, brought these actions. The city officials are not adverse to making these improvements, but defendant contends that the expense of the improvements which it is asked to make would be approximately $380,000; that it has no funds available for that purpose, and that it has no authority, either implied or expressed, to issue bonds for that purpose. This is the real issue in the case—whether the city has authority to issue bonds to provide funds for this purpose.

It is not seriously contended that the city has implied authority to issue bonds for such purpose; the inquiry is what legislative authority exists. In 28 Cyc. 1575 the rule is thus stated:

"Municipalities cannot issue bonds or other like securities unless the power

to do so is conferred by legislative authority, either express or clearly implied, and any doubt as to the existence of such power ought to be resolved against its existence."

See authorities there cited. Also: 19 R. C. L. 992, 993; 8 Mc-Quillin on Municipal Corporations, § 2277; 2 Dillon on Municipal Corporations, 5th ed., § 874; *Comm'rs of Shawnee County v. Carter*, 2 Kan. 115; *The State v. Kansas City*, 60 Kan. 518, 525, 57 Pac. 118; *Turner v. Roseberry Irr. Dist.*, 33 Ida. 746; *Bohannon v. City of Louisville*, 193 Ky. 276; *Byrum v. City of Shawnee*, 83 Okla. 16; *Doan v. Board of Supervisors*, 21 Ariz. 240; *Schieffelin v. Hylan*, 174 N. Y. Supp. 506; *City of Hazelhurst v. Mayes*, 96 Miss. 656; *Hall v. Hood River Irr. Dist.*, 57 Ore. 69; *Stern v. City of Fargo et al.*, 18 N. D. 289; *Burlingham v. City of New Bern*, 213 Fed. 1014.

The trial court found the city has authority, under R. S. 13-1056 and 13-1057, to issue, without a vote of the people, bonds to an amount not exceeding $125,000 for the purpose of making the improvements in question. R. S. 13-1056 reads:

"That the governing body of cities of the first class having a population of 25,000 or more shall have power to build floodgates in sewers that empty through dikes built by the city for the purpose of preventing water in flood time from flooding portions of the city protected by such dikes; and to build intercepting sewers for the purpose of conducting the sewage to a central point during flood time, and to erect a pumping plant for the purpose of forcing such sewage over the dike to its usual destination."

And R. S. 13-1057 provides for the city issuing general bonds of the city, without a vote of the people, in an amount not exceeding $125,-000 for the improvement mentioned in the preceding section.

The dikes, or levees, in this case were not built by the city; they were built by the drainage district created under the authority of chapter 215, Laws of 1905, and amendments. (R. S. 24-401 *et seq.*) This is conceded. Appellant contends that R. S. 13-1056 has no reference to levees or dykes constructed by a drainage district, but applies only to such improvements "in sewers that empty through dikes built by the city." This point is well taken. The statute applies only when the dikes have been built by the city. When the statute was originally enacted (Laws 1913, ch. 94) the title read: "An act authorizing cities . . . to build floodgates . . . in sewers that empty through dikes built by the city . . . or within the city by any drainage board or drainage district," etc.

Kaw Valley Drainage Dist. v. Kansas City.

But this last clause, nor anything of equivalent meaning, is not in the body of the act. Appellee contends that we should construe this statute as though the phrase "or within the city by any drainage board or drainage district" were in the body of the act. But this cannot be done. When the language of a statute is ambiguous, or its meaning is doubtful, the title or preamble of the act may be an aid to its interpretation. But the language here is not ambiguous, nor its meaning doubtful. It applies to dikes built by the city. The meaning of a statute cannot be enlarged by some additional matter in its title. If it were essential for this phrase to be in the title of the act to make its meaning clear there, it is just as essential that it be in the body of the act. The title to the act as it was passed in 1913 was omitted entirely in the Revised Statutes of 1923, and some other changes were made in the act, which Revised Statutes and later enactments now constitute the law of the state. (*State, ex rel., v. Davis,* 116 Kan. 211, 225 Pac. 1064; and 116 Kan. 663, 229 Pac. 757.)

The trial court further held that specific authority to make the improvements in question is found in R. S. 13-1013 to 13-1018. This is the general statute providing for a system of sewerage and drainage for a city by districts created by ordinance, which districts shall be in three classes—intercepting, main and lateral. Without quoting these statutes at length, a careful reading of them does not suggest they include the class of improvements sought to be established by these proceedings. Obviously, such improvements were not in contemplation when these statutes were enacted. These sewers, as constructed, have been adequate for many years. Appellee cites *King v. City of Kansas City,* 58 Kan. 334, 49 Pac. 88, and *Kansas City v. King,* 65 Kan. 64, 68 Pac. 1093, but these cases pertain to negligence of a city in constructing a sewer, not to its authority to issue bonds. Appellee calls our attention to several other sections of the statute as having some bearing on the question, but it is clear that none of them was enacted to meet this specific situation. They do not measure up to the rule previously stated, that legislative authority to incur the indebtedness must be clearly shown. The only statute to which our attention has been called which seems to provide for improvements of this character is R. S. 24-452, but that calls for an entirely different procedure from that attempted by these actions.

Appellant has raised the question of the authority of the plaintiff to maintain these actions. We have purposely refrained from considering or passing upon that question for the reason that the city appears anxious to know its authority in the premises.

Finding no statute authorizing the city to incur the indebtedness and to issue bonds for making the improvements in question, the judgment of the court below will be reversed in each of the cases, with directions to enter judgment for defendant.