No. 37,502

TOWNSHIP BOARD OF ASH CREEK TOWNSHIP, Ellsworth County, *Plaintiff*, v. GEORGE ROBB, Auditor of the State of Kansas, *Defendant.*

(199 P. 2d 521)

Opinion filed November 13, 1948.

*H. A. Santry,* of Ellsworth, argued the cause, and *V. E. Danner,* of Ellsworth, was with him on the briefs for the plaintiff.

*William Paul Timmerman,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the defendant.

The opinion of the court was delivered by

HOCH, J.: In an original proceeding in mandamus, the township board of Ash Creek Township, Ellsworth county, seeks a writ directing the state auditor to register $9,000 in general obligation bonds of the township issued to secure funds for purchasing a road grader. The question is whether the township had statutory authority for issuing the bonds.

Formal averments of the petition not in dispute need not be recited. Briefly summarized, the facts alleged are that at a special meeting on March 19, 1948, the township board of highway com-

missioners decided to buy "a motor patrol road grader" for use on the highways of the township and to that end adopted a resolution calling a special election to submit the proposition of whether the township should issue $9,000 in general obligation bonds for that purpose; that the election was held on April 17, 1948, resulting in thirty-four votes for and none against the proposal; that pursuant to the provisions of G. S. 1935, 68-526, the county engineer approved the purchase of the grader for a total price of $9,109.30; that the assessed valuation of the township is $968,373; that at a special meeting thereafter on July 14, 1948, the board unanimously adopted a resolution providing for issuance of township bonds in the amount of $9,000 for purchase of the grader; that subsequent thereto the bonds were duly issued and together with a complete transcript of the proceedings authorizing the issue were presented to the defendant, the state auditor, for registration as provided by law, having theretofore been offered to the state permanent school fund commission and refused by that commission on July 23, 1948, and that the defendant refused to register them. An alternative writ was issued to the defendant under order of this court directing him to register the bonds or to appear and show cause why that should not be done. In his answer, which need not be set out here, the defendant contends that the bonds were issued without statutory authority therefor.

It is elementary that subdivisions of the state, being creatures of the state, have only such powers as are conferred upon them by statute (*Kansas Power Co. v. Fairbanks, Morse & Co.*, 142 Kan. 109, 45 P. 2d 872, and cases cited on page 115). It is also well settled that bonds may be issued only where their issuance is specifically, or by clear implication, authorized by statute (*Kaw Valley Drainage Dist. v. Kansas City*, 119 Kan. 368, 239 Pac. 760; *School District v. Robb*, 150 Kan. 402, 93 P. 2d 905).

The statute requires that all municipal bonds shall recite the authority under which they are issued (G. S. 1935, 10-112). The instant bonds recite that they are issued under the authority of chapter 10, article 1, sections 68-526 and 68-532 of the General Statutes of 1935, as amended, and sections 68-151g and 10-1116 of the General Statutes, 1947 Supplement.

Section 68-526, *supra*, provides that township boards of highway commissioners shall have general charge and supervision of township roads, bridges and culverts in their townships, and shall "pro-

cure machinery, implements, tools, drain tile, stone, gravel, and any other material or equipment required, for the construction or repair thereof," provided that the work shall be done in accordance with plans and specifications prepared and furnished by the county engineer, and provided that no materials shall be purchased and no contract let for the construction and repair of any road, bridge or culvert in excess of $200 or any machinery purchased for road purposes costing more than a hundred dollars without the approval of the county engineer. That statute has no reference whatever to the issuance of bonds.

Section 68-532, *supra,* provides that *"in letting contracts* and *in employing labor* for the construction or maintenance of township roads" the township board shall follow the same proceedings and regulations provided for county roads as far as the same are applicable. (Italics supplied.) This statute does not relate to bond issues and in any event is not applicable to the purchase of road machinery.

Section 68-151g, *supra,* relates wholly to the issuance of bonds by certain *counties* for the purpose of providing funds for highway work. It has no applicability to townships.

Section 10-1116, *supra,* is lengthy and need not be set out in full. It provides for certain exemptions from the provisions of the cash basis law (ch. 10, art. 11), one of which is that the act "shall not apply to contracts and indebtedness created, when payment has been authorized by a vote of the electors of the municipality, or when provision has been made for payment by the issuance of bonds as provided by law." Such a provision clearly does not avoid the necessity of a statute authorizing the issuance of bonds. It simply relieves certain contracts and indebtedness authorized by popular vote and payment thereof by bonds issued *"as provided by law"* from the provisions of the cash basis law.

The plaintiff argues that the power to issue bonds for the purchase of road machinery should be implied from the provisions of section 68-526, *supra,* which gives township boards charge of the construction and maintenance of township roads and directs the board to procure material and equipment required for that purpose. In support of this contention, plaintiff calls attention to section 68-548, G. S. 1935, which penalizes any officer who fails to perform his duty as required by law. We find no basis for holding that these statutes carry an implied authority for issuance of bonds.

In addition to the statutes referred to on the face of the bonds, both parties call our attention to various other statutes relating, in some measure, to the subject matter. Those statutes need not be discussed. None of them avoids the necessity of specific or clearly implied authority for bond issues. We must conclude that the instant bonds were issued without statutory authority.

Counsel for the plaintiff calls attention, forcefully, to the practical difficulty which was encountered by the township board, under the facts shown, in discharging its duties efficiently in the construction and maintenance of the highways. Assuming that to be true, we can consider here, of course, only the issue of law involved. Questions of public policy are for legislative and not for judicial determination.

The writ must be denied, and it is so ordered.