No. 43,435

THE WICHITA PUBLIC SCHOOLS EMPLOYEES UNION, LOCAL No. 513, *Appellant,* v. HAROLD L. SMITH, Commissioner of Labor (LEONARD R. WILLIAMS, substituted as Commissioner of Labor), STATE OF KANSAS, *Appellee.*

(397 P. 2d 357)

Opinion filed December 12, 1964.

*Frank W. Hylton,* of Wichita, argued the cause and was on the briefs for the appellant.

*Park McGee,* Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson,* Attorney General, of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order sustaining a motion to quash a petition for an alternative writ of mandamus which sought to compel the State Labor Commissioner to hold an election to determine the bargaining unit for the employees performing custodial and maintenance tasks for the Board of Education of the City of Wichita.

The facts which are alleged in the petition may be summarized.

The plaintiff is an association of employees who are performing

custodial and maintenance tasks for the Board of Education of the City of Wichita. A majority of such employees are members of the association. The members obtained a union charter from an international union which is sanctioned by the AFL-CIO. It is not disputed but what the union so chartered is a union within the general statutes of Kansas and the federal laws covering employer and employee relations.

In June, 1962, pursuant to G. S. 1961 Supp., 44-816 and applicable rules and regulations of the State Labor Commission, the plaintiff filed a petition with the State Labor Commissioner requesting his determination of the proper bargaining unit for the custodial and maintenance employees of the Board of Education of the City of Wichita. G. S. 1961 Supp., 44-816 insofar as material here provides as follows:

"Within sixty (60) days after the taking effect of this act, the state labor commissioner shall adopt rules and regulations governing the conduct and canvassing of elections for the selection of collective bargaining units, and by collective bargaining units relative to approval of all-union agreements, strikes, walk outs, or cessation of work or continuation thereof. . . ."

Rule 49-6-2 of the Rules and Regulations of the State of Kansas Department of Labor provides in part as follows:

"Any employee, labor organization, or the agent of either of them may petition the commissioner to determine a collective bargaining unit for all employees in a unit appropriate for such purpose, and for a determination of said unit whenever such a question arises. The petition shall be prepared on a form furnished by the commissioner and the original and three (3) copies shall be signed and filed with the commissioner. . . ."

The State Labor Commissioner informed the plaintiff that, based on the opinion of the Attorney General, he could not hold the election because the Board of Education of the City of Wichita was not an employer within the meaning of the word "employer" as used in the state labor statutes. The plaintiff then filed its petition for an alternative writ of mandamus alleging the facts set out above in detail and praying for relief as follows:

"Wherefore, plaintiff prays for an order of this Court requiring the defendant, Hon. Harold L. Smith, Commissioner of Labor for the State of Kansas, to conduct forthwith among the custodial and maintenance employees of the Wichita Board of Education, Wichita, Kansas, an election for the purpose of selecting the bargaining unit, or appear and show cause why not, for the costs of this action, and for such other and further relief as the Court may deem just and equitable."

The defendant, Harold L. Smith, State Labor Commissioner of

Kansas, moved to quash the order to show cause which was issued in lieu of the alternative writ. Five reasons were argued why the relief prayed for should not be granted.

The trial court sustained the motion to quash on the following ground and did not consider the others:

"The plaintiff cannot maintain the instant suit for the further reason that the defendant is not authorized to conduct an election such as requested for the reason that the statutes governing conduct of such elections and labor management relations in general do not apply to the State of Kansas or any of its political subdivisions such as a school district."

The plaintiff has appealed. Leonard R. Williams succeeded Harold R. Smith as State Labor Commissioner on June 1, 1963, and has been substituted as appellee in this appeal. A single question is presented for determination: Is the Board of Education of the City of Wichita an "employer" within the meaning of the Kansas *employer and employee relations statute*, G. S. 1949, 44-801 *et seq.*, as amended?

We are constrained to conclude that the Board of Education of the City of Wichita is a political subdivision and that the statutes covering employer and employee relations and collective bargaining units are not intended to apply to employment by political subdivisions.

A school district is an arm of the state existing only as a creature of the legislature to operate as a political subdivision of the state. A school district has only such power and authority as is granted by the legislature and its power to contract, including contracts for employment, is only such as is conferred either expressly or by necessary implication. (*Schofield v. School District,* 105 Kan. 343, 184 Pac. 480; *Rose v. School District No. 94,* 162 Kan. 720, 179 P. 2d 181; *State, ex rel., v. Hines,* 163 Kan. 300, 182 P. 2d 865.)

The existence of a school district as a political subdivision of the State of Kansas was established and recognized as early as *Beach v. Leahy,* 11 Kan. 23, 29.

With regard to the powers of a school district and the limitations thereon, this court stated in *State, ex rel., v. Rural High School District No. 7,* 171 Kan. 437, 441, 233 P. 2d 727:

"In this state it has long been the rule that school districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and that any reasonable doubt as to the existence of such power should be resolved against its existence. (*School District v. Robb,* 150 Kan. 402, 93 P. 2d 905, 124 A. L. R. 879; *Township*

*Board of Ash Creek v. Robb*, 166 Kan. 138, 199 P. 2d 521; *Byer v. Rural High School Dist. No. 4*, 169 Kan. 351, 219 P. 2d 382.)"

The general rule recognized in this jurisdiction, that statutes limiting rights or interests will not be interpreted to include the sovereign power unless it be expressly named or intended by necessary implication (*State v. Book Co.*, 69 Kan. 1, 24, 76 Pac. 411; *State v. Kaemmerling*, 83 Kan. 387, 111 Pac. 441), applies to statutes limiting the power to control compensation, terms and conditions of employment.

The entire matter of qualifications, tenure, compensation and working conditions for any public employee involves the exercise of governmental powers which are exercised by or through legislative fiat. Under our form of government public office or public employment cannot become a matter of collective bargaining and contract.

The objects of a political subdivision are governmental—not commercial. It is created for public purposes and has none of the peculiar characteristics of enterprises maintained for private gain. It has no authority to enter into negotiations with labor unions concerning wages and make such negotiations the basis for final appropriations. Strikes against a political subdivision to enforce collective bargaining would in effect amount to strikes against the government.

The statutes pertaining to employer and employee relations must be construed to apply only to private industry, at least until such time as the legislature shows a definite intent to include political subdivisions. We find nothing to indicate that the legislature intended to embrace political subdivisions in the term "employer" as used in G. S. 1961 Supp., 44-802 (4) and thus make political subdivisions and governmental agencies subject to the labor laws of the state including collective bargaining.

It appears to be a uniform rule that the wages, hours and working conditions of governmental employees are to be fixed by statutes, ordinances or regulations and that state laws which in general terms secure the rights to employees to enter into collective bargaining agreements with respect to such matters are not intended to apply to public employees. (31 A. L. R. 2d 1142; *City of Springfield v. Clouse*, 356 Mo. 1239, 206 S. W. 2d 539; *King v. Priest*, 357 Mo. 68, 206 S. W. 2d 547; *Miami Water Works Local No. 654 v. City of Miami*, 157 Fla. 445, 26 So. 2d 194, 165 A. L. R. 967.)

It necessarily results that since the Board of Education was not an employer as that term is used in the employer and employee relations statute, G. S. 1949, 44-801, *et seq.*, as amended, it was not subject to the provisions of the act, and the State Labor Commissioner was without authority to conduct an election to determine a collective bargaining unit for the Board of Education's employees. Mandamus will not lie to compel the performance of an unauthorized act on the part of a public official.

The judgment is affirmed.

APPROVED BY THE COURT.