**KANSAS ASSOCIATION OF PUBLIC EMPLOYEES (KAPE), Plaintiff,**

v.

**STATE OF KANSAS, DEPARTMENT OF HUMAN RESOURCES, and Ray D. Siehndel, Secretary of Human Resources, Defendants.**

Civ. A. No. 90–4018–S.

United States District Court,
D. Kansas.

May 4, 1990.

Brad E. Avery, Gen. Counsel, Kansas Ass'n of Public Employees, Topeka, Kan., for plaintiff.

A.J. Kotich, Don Doesken, Kansas Dept. of Human Resources, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).[1] Plaintiff filed this action to obtain review of the constitutionality of K.S.A. 44–801 and the January 9, 1990 decision of defendant Ray D. Siehndel, Secretary of the Department of Human Resources, rejecting plaintiff's application for bargaining unit determination and representative election filed on behalf of employees working in the judicial branch of the State of Kansas. In its complaint, plaintiff alleges that Secretary Siehndel's decision constitutes a denial of equal protection and first amendment rights to state judicial branch employees. Plaintiff seeks declaratory relief under 28 U.S.C. § 2201, et seq.; plaintiff predicates this court's jurisdiction on 28 U.S.C. § 1331, the general federal question jurisdiction statute.

The background facts relevant to defendants' motion are as follows. Plaintiff, Kansas Association of Public Employees, or KAPE, has been seeking for some time to obtain bargaining unit determination and representative election on behalf of certain employees of the judicial branch of the State of Kansas, namely, administrative assistants employed by judges of the Kansas District Courts. In 1987, plaintiff filed a petition for bargaining unit determination and representative election for these employees under KSA 75–4321, the Public Employer–Employee Relations Act (PEERA). This petition failed when the Public Employee Relations Board (PERB) found that it had no jurisdiction, a decision which, after being reversed by the Shawnee Coun-

---

1. Because the court finds the subject matter jurisdiction issue dispositive, the court will not address the other issues raised in defendants' motion.

ty District Court, was ultimately affirmed by the Kansas Court of Appeals in *Kansas Ass'n of Pub. Employees v. Public Employee Relations Bd.*, 13 Kan.App.2d 657, 778 P.2d 377, *rev. denied*, 245 Kan. —— (1989) (hereafter referred to as the *"Schwartz"* decision). In that case, the Kansas Court of Appeals, sitting *en banc*, ruled that PEERA applied only to state government employees in the executive and legislative branches. 778 P.2d at 380.

On November 29, 1989, plaintiff KAPE filed another petition, this time under K.S.A. 44–801, the "employer and employee relations statute." On January 9, 1990, defendant Secretary Siehndel rejected KAPE's petition for lack of jurisdiction, citing the Kansas Supreme Court decision in *Wichita Pub. Schools Employees Union v. Smith*, 194 Kan. 2, 397 P.2d 357 (1964). In *Smith*, the Kansas Supreme Court held that K.S.A. 44–801, *et seq.*, applied only to private employers and not to political subdivisions or governmental agencies such as the Kansas judicial branch. *Id.* at 5, 397 P.2d at 360. Plaintiff did not seek state court review of Secretary Siehndel's decision; rather, KAPE seeks review of that decision here.

In their motion to dismiss, defendants contend that this court lacks subject matter jurisdiction over this action, which they argue is basically an attempt to obtain review of state court actions denying judicial employees the right to bargaining unit determination and representative election under either K.S.A. 75–4321 or K.S.A. 44–801, specifically the *Schwartz* and *Smith* decisions. The Tenth Circuit Court of Appeals recently addressed this issue in *Anderson v. State of Colorado*, 793 F.2d 262 (10th Cir.1986). In *Anderson*, the plaintiff alleged that the State of Colorado had violated his right to equal protection and due process by engaging in a discriminatory practice of awarding custody to mothers in child custody disputes. *Id.* at 263. In affirming the district court's dismissal of plaintiff's action, the Tenth Circuit ruled that the plaintiff could not use 42 U.S.C. § 1983 to gain federal jurisdiction where the underlying claim was essentially a request for judicial review of state court action. *Id.* at 263–64. In reaching that con-

clusion, the Tenth Circuit reviewed the so-called *"Doe/Feldman* doctrine" and reaffirmed the well-settled rule that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review. *Id.* at 263 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Fortune v. Mulherrin*, 533 F.2d 21 (1st Cir.), *cert. denied*, 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976); *Atchley v. Greenhill*, 373 F.Supp. 512 (S.D. Tex.1974). *See also Fuller v. Harding*, 699 F.Supp. 64, 66–67 (E.D.Pa.1988), *aff'd without opinion*, 875 F.2d 310 (3rd Cir. 1989).

Upon review of the parties' arguments and the relevant authorities, the court finds that plaintiff's complaint is squarely within the terms of *Anderson* as it essentially asks this court to review the Kansas appellate court decisions in *Smith* and *Schwartz;* thus, the court lacks subject matter jurisdiction over this matter and must grant defendant's motion to dismiss. Although the court is not unsympathetic to plaintiff's dilemma, the court finds that plaintiff's relief lies, not in this court, but rather in the United States Supreme Court or in the Kansas Legislature.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction is granted.