C.E. Russell Wellington City Attorney City Administration Center 317 South Washington Wellington, Kansas 67152
Dear Mr. Russell:
As city attorney for the city of Wellington you request an opinion concerning whether K.S.A. 10-1116(a)(1) applies to an indebtedness created by a contract between the city and a private hospital wherein the city will purchase the latter's assets with annual installment payments over a 10 year period.
Our understanding is that the voters approved an increase in the city's retailers sales tax (for a 10 year period) as well as a proposal to exempt the city from the aggregate tax levy limitation for the purpose of financing the integration of the city hospital and a private hospital.
Your question is whether the indebtedness created by this asset purchase contract is exempt from the cash basis law by virtue of K.S.A.10-1116(a)(1) which provides as follows:
 "(a) The limitations of indebtedness prescribed under the provisions of article 11 of chapter 10 of Kansas statutes annotated may be exceeded when: (1) payment has been authorized by a vote of the electors of the municipality. . . ." (Emphasis added).
The cash basis law is designed to have governmental units operate on a cash basis — not to spend money they don't have or incur obligations they cannot meet promptly. State ex rel. v. Board of Education of City ofTopeka, 137 Kan. 451, 452 (1933). K.S.A. 10-1116(a)(1) relieves certain indebtedness that is authorized by popular vote. Township Board of AshCreek Township v. Robb, 166 Kan. 138, 140 (1948).
The question is whether the indebtedness created by this contract was approved by the voters when they voted to raise taxes in order to finance the integration of the two hospitals in question.
In State ex rel. v. Republic County, 148 Kan. 376 (1938) a statute authorized county commissioners to erect public buildings but prohibited any tax levy or the issuance of bonds for that purpose unless the matter was submitted to the electors or, in the alternative, if the county commissioners were petitioned by one-fourth of the resident tax payers. One-fourth of the resident taxpayers petitioned the county commissioners to build a courthouse and a jail and, in accordance with the statute, the county instituted a tax levy of one mill over a five year period. The attorney general filed an action enjoining the county from levying the tax because there was no election pursuant to K.S.A. 10-1116's requirement that an election occur before the indebtedness is exempt from the cash-basis law.
The court rejected the Attorney General's narrow interpretation of the election requirement and concluded that the petition of the taxpayers would satisfy the election requirement of K.S.A. 10-1116 because the statute provided an alternative to an election by way of petition. The ruling in Republic County was followed in Washington Township v. Hart,168 Kan. 650 (1950) when the court concluded that an indebtedness is exempt from the cash basis law if the voters approve a tax levy that is necessary to pay the indebtedness.
It is apparent that the electors of Wellington voted to raise taxes for the specific purpose of financing this hospital integration and that the asset purchase contract is the vehicle for the integration. Consequently, it is our opinion that the indebtedness created by this contract was approved by the vote of the electors and is, therefore, exempt under the cash-basis law.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm