James R. Cobler, Director Division of Accounts and Reports Department of Administration 900 Jackson, Room 251 Topeka, Kansas 66612-1220
Dear Mr. Cobler:
As director of the division that oversees the municipal accounting section, you request our opinion regarding the authority of townships to exempt themselves from the provisions of the aggregate tax levy limit law, K.S.A. 79-5021 et seq. Specifically you inquire whether K.S.A. 1993 Supp. 79-5036(c) grants to townships the same authority as is enjoyed by cities and counties to devise partial and full exemptions from the aggregate levy limit provisions without reverting to the statutory fund levy limits.
K.S.A. 1993 Supp. 79-5036(c) provides as follows:
 "The governing body of any other taxing subdivision subject to the provisions of K.S.A. 79-5021 to 79-5033, inclusive, may elect, in the manner prescribed by and subject to the limitations of K.S.A. 19-101b, and amendments thereto, insofar as such section may be made applicable, to exempt such subdivision from the provisions of K.S.A. 79-5021 to 79-5033, inclusive, or to modify the provisions thereof." Emphasis added.
The emphasized portion of the above-quoted statutory provision was added in the 1990 legislative session. See L. 1985, ch. 314, sec. 26. Prior to the 1990 amendment, we had opined that taxing subdivisions other than cities and counties that elected to exempt themselves from the aggregate tax levy limit pursuant to K.S.A. (then 1988 Supp.) 79-5036 would find themselves back under the fund levy limits in existence before the provisions of K.S.A. 79-5021 et seq. were enacted. Attorney General Opinion No. 89-130. This was due to the fact that K.S.A. 79-5036(c) at that time only allowed such taxing subdivisions to exempt from the act in its entirety, thus exempting from the suspension of the prior fund and aggregate limits created by K.S.A. 79-5022(a). Because taxing subdivisions other than cities and counties had no general home rule powers to then opt out of the preexisting statutory fund and aggregate levy limits, they were left subject to those limits.
The language allowing other taxing subdivisions to modify the provisions of the tax lid law was amended into 1990 house bill no. 2700 by the house committee on taxation. Minutes, House Committee on Taxation, March 22, 1990, attachment 3. At the same time, identical language was amended into subsections (a) and (b) of K.S.A. 79-5036 relating to cities and counties respectively. Id. Testimony before the house committee included statements by representatives for the League of Kansas Municipalities and the Kansas Association of Counties that, in addition to the authority to exempt entirely from the aggregate tax levy limitations act, cities and counties should be given the ability to modify provisions of the act, subject to voter petition for a referendum. Minutes, House Committee on Taxation, January 30, 1990, attachments 3 and 8. It therefore appears that the language in subsection (c) regarding modifications of the provisions of the act by other taxing subdivisions was meant to have the same effect as the authority given to cities and counties to modify provisions of the act. [In Attorney General Opinion No. 90-97 we concluded that the 1990 amendments did not operate to repeal actions taken by taxing subdivisions before enactment of the amendments; we did not opine as to the enhancement of authority granted those taxing subdivisions.]
However, because townships are creatures of statute with only those powers expressly granted by statute, they cannot effect changes in statutes other than K.S.A. 79-5021 to 79-5033. See Paul v. TopekaTownship Sewage Dist. No. 2, 199 Kan. 394 (1967); Township Board of AshCreek Tp. v. Robb, 166 Kan. 138 (1948). The result is that while townships may exempt themselves from the tax lid law or modify any of its provisions (within K.S.A. 79-5021 to 79-5033), they may not amend or modify statutory provisions found elsewhere without specific statutory authority to do so. Nor can they create new authority for themselves. Thus, for example, a township may modify K.S.A. 1993 Supp. 79-5028 to add or delete expenditures that will not be subject to the provisions of K.S.A. 79-5021 to 79-5036, but they cannot then exempt such expenditures from other applicable statutory limitations. If, however, the township adds an exempt expenditure and in addition maintains the provision in K.S.A. 1993 Supp. 79-5022(a) which suspends existing statutory fund mill levy rates and other aggregate levy rate limitations, the effect will be to eliminate all levy limitations for that particular expenditure. Such action must be accomplished according to the provisions of K.S.A. 19-101b
allowing for petition and referendum by the township electors.
In conclusion, townships have been granted authority pursuant to K.S.A. 1993 Supp. 79-5036(c) to exempt themselves entirely from the provisions of the aggregate tax levy limitations law, K.S.A. 79-5021 to 79-5033, or to modify the provisions of those statutes, subject to petition and referendum. However, townships do not have general home rule authority and therefore may not effect changes in statutes other than K.S.A. 79-5021 to 79-5033.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm