William W. Jeter Ellis County Counselor Emprise Bank Building P.O. Box 128 Hays, Kansas 67601
Dear Mr. Jeter:
As Ellis County Counselor you request our opinion regarding "whether the Ellis County Sheriff may terminate without cause the employment of any deputies or office personnel irregardless of an implied contract governing tenure of employment which may be established by virtue of a Personnel Policy Manual adopted by the Board of County Commissioners and a Collective Bargaining Agreement between the Ellis County Sheriff's Department Union and the Board of County Commissioners." You request our opinion based upon your review of Wiggins v. Housing Authority of Kansas City,22 Kan. App. 2d 367 (1996), in which the Court held that a city housing authority did not have the express or implied power to enter into a written or implied contract concerning tenure of its employees.
In Wiggins, former employees of a city housing authority brought action against the housing authority for wrongful termination of their employment alleging breach of contract.
In addressing whether the housing authority had the power to enter into an implied contract with these employees concerning their job tenure, the Court stated that "[t]he Housing Authority, as an agency of the City, has only such power and authority as are granted to it by its enabling legislation, and its power to contract is limited to those powers specifically granted or necessarily implied." Wiggins,22 Kan. App. 2d at 369. See also, Wichita Public Schools Employees Union v. Smith, 194 Kan. 2, 4 (1964). After examining the housing authority's enabling legislation, the Court found that the housing authority did not have express or implied power to enter into a written or implied contract concerning tenure of its employees. The Court concluded that even if the housing authority did enter into a contract with these employees, that contract was void and unenforceable because it was outside the scope of the housing authority's powers.
"Kansas is an employment-at-will' state in which the general rule is that, absent an express or implied contract between employer and employee governing the tenure of employment, either party may terminate the employment relationship at any time with or without cause." Wiggins, 22 Kan. App. 2d at 370 (citing Johnson v. National Beef Packing Co., 220 Kan. 52, 54 (1976); Pilcher v. Board of Wyandotte County Comm'rs,14 Kan. App. 2d 206, 209, rev. denied 246 Kan. 768
(1990). The Court found that neither the statute nor the resolution creating the housing authority showed any intent to change the generally accepted rule of employment-at-will. We believe that Wiggins is distinguishable from the situation you describe in Ellis County. You inform us that:
 "The Ellis County Sheriff's Department employees are unionized and have entered into a Collective Bargaining Agreement with the Board of County Commissioners. The Board of County Commissioners have also adopted a Personnel Policy Manual. Both the Collective Bargaining Agreement and the Personnel Policy Manual provide for probationary periods for all employees with the right to discharge during that period without cause and without recourse'. There is also contained within the Collective Bargaining Agreement a grievance procedure and within the Personnel Policy Manual a procedure for dismissal of employees which clearly implies that employees who are beyond the probationary period cannot be discharged except for cause'."
We assume from your discussion that the Sheriff's deputies and assistants are intended to be covered by the referenced personnel policy manual as well as the collective bargaining agreement.
Based on the above information, the question becomes whether the Board of County Commissioners of Ellis County has the power to enter into an implied contract specifying tenure of employment. In Attorney General Opinion No. 88-11, we examined the employment-at-will rule and articulated that "the doctrine of employment at will [sic] is not absolute. For instance, Kansas law restricts employment termination in cases involving discrimination, civil service, veterans, or retaliation. Public employees may have additional protections pursuant to employee manuals, established policies or adoption of the Kansas public employer-employee relations act."
Counties are authorized to exercise corporate and administrative powers to determine local affairs. K.S.A. 19-101 specifically empowers counties to make contracts and states in part:
 "That each organized county within this state shall be a body corporate and politic, and as such shall be empowered for the following purposes: . . . fourth, to make all contracts and do all other acts in relation to the property and concerns of the county, necessary to the exercise of its corporate of administrative powers; fifth, to exercise the powers of home rule to determine their local affairs and government authorized under the provisions of K.S.A. 19-101a. . . ." (Emphasis added.)
K.S.A. 19-212 grants the board of county commissioners the power "[t]o represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law." K.S.A. 19-212 Sixth. In addition to these general powers, K.S.A. 19-101a, as amended by L. 1996, ch. 68, § 2, grants boards of county commissioners home rule power to "transact all county business and perform all powers of local legislation and administration it deems appropriate. . . ."
In addition to the general powers of administration granted to boards of county commissioners, K.S.A. 19-805 recognizes the boards' authority to adopt personnel policies for county employees. K.S.A. 19-805 provides, in pertinent part, that:
 "(a) [T]he sheriff also may appoint, promote, demote and dismiss additional deputies and assistants necessary to carry out the duties of the office, for whose official acts the sheriff is responsible.
. . . .
 "(d) Any personnel action taken by the sheriff under this section shall be subject to the following: (1) Personnel policies and procedures established by the board of county commissioners for all county employees other than elected officials; . . . (3) any applicable collective bargaining agreements . . . ."
The development of personnel policies which may create implied contracts specifying tenure of county employees is properly within the purview of the statutory powers granted to a board of county commissioners. These broad powers granted to counties distinguish them from the housing authority in Wiggins which possessed limited powers granted by its enabling legislation.
K.S.A. 19-805 clearly states that a sheriff has the power to dismiss his or her deputies and assistants, however in doing so the sheriff must act in accordance with any county personnel policies and collective bargaining agreements. Attorney General Opinions No.93-64, 92-160, 87-37 and 84-30 recognize that the adoption of county personnel policies is a matter of county business, and that any personnel action taken by a sheriff concerning sheriff's deputies and assistants is subject to such policies and agreements. We believe these opinions continue to reflect the law in Kansas as it apples to sheriffs' deputies and assistants and that Wiggins v. Housing Authority of Kansas City,22 Kan. App. 2d 367 (1966) does not change the conclusions reached in these opinions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna Voth Assistant Attorney General
CJS:JLM:DMV:jm