Brenden J. Long Topeka City Attorney City Hall, 215 S.E. 7th Street Room 353 Topeka, Kansas 66603
Dear Mr. Long:
You inquire whether Article 12, Section 5(c)(2) of the Kansas Constitution includes the mayor as a member of the governing body for purposes of the two-thirds voting requirement for passage of a charter ordinance under circumstances where a city's form of government precludes the mayor from voting.
Article 12, Section 5(c)(2) of the Kansas Constitution prescribes the procedure for enacting a charter ordinance: "A charter ordinance is anordinance which exempts the city from the whole or any part of anenactment of the legislature. . . . [S]uch charter ordinance shall . . .designate specifically the enactment of the legislature . . . madeinapplicable to such city by the adoption of such ordinance and containthe substitute and additional provisions, if any, and shall require atwo-thirds vote of the members-elect of the governing body of such city."[1] You indicate that the City of Topeka, by virtue of its home rule power, has adopted a council-manager form of government that does not utilize any of the statutory forms of city government in Chapter 12 of the Kansas Statutes Annotated. Pursuant to Charter Ordinance No. 94, the City of Topeka's form of government includes a 10 member governing body comprised of nine district council members and the mayor.[2] Under this structure, the mayor may veto council legislation, but cannot vote on other matters that come before the council.[3]
There are no Kansas appellate court decisions addressing whether the Home Rule Amendment[4] includes the mayor as a member of the governing body for purposes of the two-thirds voting requirement when the city's form of government precludes the mayor from voting. However, we note that K.S.A. 12-104 defines "governing body" to include a mayor for all "acts granting . . . executive or administrative powers to city governments, or prescribing procedure." While the purpose of this statute, enacted in 1923, was to provide guidance to the commission formed to revise the general statutes,[5] it is reasonable to presume that the meaning of "governing body" was taken into consideration when legislators crafted the Home Rule Amendment.[6] In fact, the statutory mayor-council-city manager form of government,[7] that took effect the day before the Home Rule Amendment,[8] accords the mayor limited voting rights except in the case of charter ordinances in which case "the mayor's vote shall be counted on every occasion."[9]
We also note that at least one treatise on city home rule concludes that the mayor has an original vote on charter ordinances: "Unlike'ordinary ordinances' which require for passage a favorable vote of amajority of the members-elect of the council of council cities or themayor and other commissioners of commission cities, a charter ordinancerequires a favorable vote of two-thirds of the members-elect of thegoverning body. Although the constitution does not define the term"governing body," it is defined by state law for construing legislativegrants of authority to mean the mayor and council or mayor andcommissioners. Accepting this definition as applicable to charterordinances, it appears the mayor in council cities has an original rightto vote, whereas his right to vote on 'ordinary ordinances' is limited tocasting the deciding vote where the number of favorable votes is one lessthan required."[10] Citing K.S.A. 12-104, the League of Kansas Municipalities has also concluded that the mayor is included in determining the vote for charter ordinances.[11]
While there are no Attorney General opinions addressing this issue, past Attorneys General have examined whether mayors can vote in zoning matters that require super majority votes.[12] In Attorney General Opinion No. 92-41, Attorney General Robert T. Stephan considered a statutory mayor-council form of government[13] where the mayor is a member of the governing body but is statutorily precluded from voting on any council matter.[14] The zoning statute in question required a three-fourths vote "of all of the members of the governing body."[15]
General Stephan attempted to harmonize both statutes and concluded that the zoning provision requiring a super majority vote did not include the mayor in a statutory mayor-council form[16] of government.
In Attorney General Opinion No. 99-5, Attorney General Carla J. Stovall considered the identical zoning issue in relation to the Unified Government of Wyandotte County/Kansas City, Kansas. Like the City of Topeka, the Unified Government eschewed the statutory forms of city government and utilized its own form of government created by charter ordinance. In the Unified Government, the mayor is a member of the governing body and has limited voting rights. After reviewing K.S.A. 12-104
and the Unified Government's procedural rules, General Stovall concluded that the mayor is a member of the governing body for purposes of voting on zoning matters.
Unfortunately, these opinions are not helpful when considering whether the Kansas Constitution gives a mayor an original right to vote on a charter ordinance. However, we agree with the opinion of one author of a treatise on home rule who opines that because charter ordinances substitute the wisdom of local officials for that of the Legislature, special procedures are required by the Constitution.[17] One of these procedures requires a two-thirds vote of the members-elect of the governing body. As the mayor is a member of the governing body by virtue of K.S.A. 12-104, no ordinance proscribing mayoral voting rights — charter or ordinary — can alter this constitutional requirement. Thus, despite the fact that the mayor of the City of Topeka has no voting rights in matters that come before the council, it is our opinion that the mayor is a member of the governing body for purposes of exercising a right to vote on charter ordinances.
Sincerely,
 Phill Kline Attorney General
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] Emphasis added.
[2] City of Topeka Charter Ordinance No. 94, Article II, §§ 7,11 ("[t]he council and mayor shall be the governing body of the city").
[3] City of Topeka Charter Ordinance No. 94, Article II, §§ 10,16.
[4] Kan. Const., Art. 12, § 5.
[5] K.S.A. 77-101 et seq.; State, ex rel. v. Davis, 116 Kan. 211
(1924).
[6] In re County Seat of Linn County, 15 Kan. 500 (1875) (whenever a legislature uses a word in a statute in one sense and with one meaning and, subsequently, uses the same word in legislating on the same subject matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning).
[7] K.S.A. 12-1036a et seq.
[8] June 30, 1961.
[9] K.S.A. 12-1036b.
[10] Wright W. Crummett, City Home Rule in Kansas, 9 W.L.J. 1, 14-15 (1969).
[11] League of Kansas Municipalities, Constitutional Home Rule inKansas, 15 (8th ed. September, 1994).
[12] Attorney General Opinions No. 92-41 and 99-5.
[13] K.S.A. 12-10a01 et seq.
[14] K.S.A. 12-10a02.
[15] K.S.A. 12-757(e) [now K.S.A. 12-757(f)(1)].
[16] K.S.A. 12-10a01 et seq.
[17] James W. Drury, Home Rule in Kansas, 65 (University of Kansas, 1965).