No. 38,334

THE STATE OF KANSAS, ex rel. LEONARD W. MCANARNEY, County Attorney of Osage County, Kansas, *Appellee*, v. RURAL HIGH SCHOOL DISTRICT No. 7, Osage County, Kansas, and DON EVERTSON, Director, H. M. KRAMER, Clerk, and OREN HENRY, Treasurer, as members of the School Board of Rural High School District No. 7, Osage County, Kansas, *Appellants*.

(233 P. 2d 727)

Opinion filed July 3, 1951.

*John S. Dean, Jr.,* of Topeka, argued the cause, and *Peter F. Caldwell* and *Melvin R. Quinlan,* both of Topeka, and *Harry T. Coffman,* of Lyndon, were with him on the briefs for the appellants.

*Alex Hotchkiss,* of Lyndon, argued the cause, and *Leonard W. McAnarney,* county attorney, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action in the nature of *quo warranto* to oust a rural high school district and its officers from using the proceeds of a bond issue to enlarge, equip, remodel, repair and improve

a school building owned and used jointly with a common school district.

From a judgment ousting defendants from so proceeding they have appealed, and the basic question involved concerns the authority of the rural high school district and its officers to make such expenditure without the authorization of the cotenant grade school or any contribution by the latter to the cost thereof.

On the trial of the action the parties entered into a lengthy stipulation of facts and in addition thereto considerable oral evidence was introduced. At the conclusion thereof the court made extensive conclusions of fact and of law and rendered judgment accordingly. In our view of the case it is unnecessary to summarize in detail the evidence or the facts as found by the trial court, and our statement thereof will therefore be confined to only such factual background as will present the issues litigated in the court below.

In 1924 Common School District No. 42 of Melvern (hereinafter referred to as the grade school district) constructed a two-story brick building on property owned by it in the city of Melvern. This is the school building involved in this case. Shortly thereafter the grade school district entered into a written contract by the terms of which it leased certain portions of the building to Rural High School District No. 7 (hereinafter referred to as the high school district), the defendant school district herein, for a term of twenty-five years at a specified rental. The purpose of this lease was to supply the high school district with facilities for the conduct of its high school. This lease arrangement continued in effect for a number of years, and in 1940 the grade school district conveyed an undivided one-half interest in the school building and property to the high school district. Since this conveyance the two districts have owned the building and property in equal shares as tenants in common, have used it jointly, and have contributed equally to the maintenance, repair and operation costs and expenses in connection therewith.

During the period from 1940 to 1950 the high school enrollment showed a gradual increase, and by 1949 grade school facilities in the building became seriously overcrowded, due chiefly to the fact that in the meantime a number of additional grade school districts had been consolidated with and were annexed to the grade school district, thus causing an increased enrollment. More room and facilities for the carrying on of its school operations and functions were needed and demanded by the grade school district. Public meet-

ings were held under the sponsorship of the high school district which ultimately culminated in a special election of the voters of the high school district being held on April 8, 1950, for the purpose of voting on a bond issue in a sum of not to exceed $85,000,

". . . for the purpose of providing funds to pay the cost of enlarging, equipping, remodeling, repairing and improving the High School Building known as the High School Building located at Melvern, Kansas, jointly owned by Rural High School District No. 7 and School District No. 42, and now being used by both of said School Districts, . . ."

At this election the 'bonds carried by a vote of 279 to 277. Shortly thereafter the bonds were duly issued, registered and sold. This action was commenced in August, 1950.

It was stipulated by the parties, and the court so found, that it was the intention of the high school district and its officers to use the proceeds of the $85,000 bond issue, or so much thereof as was necessary, to construct an addition to the brick school building in question and to make certain alterations in it incidental thereto, all as shown by detailed plans and specifications prepared by their architects.

It was further stipulated, and the court in substance so found, that the high school district and its officers had not demanded or required, and would not receive, any contribution to the cost of the building and remodeling project from the grade school district; that there was no contract or agreement between the two districts concerning the making of such improvements, nor for contribution by the grade school district to the cost of the same; that no jointly constructed building had been authorized by majority vote of the grade school district; that no proceedings or election for such purpose had been authorized or commenced by the grade school district or its officers; that it would be impossible for the grade school district to pay one-half of the cost of the construction project without a bond issue for that purpose; and that if the high school district proceeded to make such improvements the grade school district would not contribute in any way to the cost thereof.

For its conclusions of law the lower court held that each of the two school districts is the owner of an undivided one-half interest in the school premises in question; that while the determination as to the needs of the high school district is a matter resting in the sound discretion of its officers, yet in carrying out such improvements as it deems necessary the high school board has only such authority as is conferred upon it by statute, either expressly or by

necessary implication; that there is no statute authorizing the high school district to enlarge or improve the jointly owned building without the consent and co-operation of the grade school district, and that the high school district and its board members should be ousted from such illegal use of their powers.

Motions to vacate the findings and conclusions of the court and for a new trial being denied, defendants have appealed.

In passing, we note appellants' objections to some of the court's conclusions of fact and of law, and particularly with reference to the court's conclusion on the question of vesting of title of such additions and improvements in both districts, but in our opinion all of those complaints become immaterial in view of what all parties to this appeal, and which is concurred in by us, concede to be the real issue in the case. That question is this:

Did the rural high school district have authority, express or necessarily implied, under then existing statutory provisions, to use the proceeds from the sale of bonds to pay the cost of enlarging, equipping, remodeling, repairing and improving a school building owned and used jointly with a common school district, without the authorization of such grade school district or any contribution by it to the cost of the same?

In our opinion it did not possess such authority.

Here all proceedings were had, and the bonds were issued, under the alleged authority of chapter 389, Laws of 1949, now appearing as G. S. 1949, 72-2016, which reads:

"The governing body of any rural high-school district, community high-school district, or common-school district is hereby authorized and empowered, when it deems it necessary by resolution duly adopted, to issue general obligation bonds of such school district for the purpose of raising funds to be used to pay the cost of equipping, enlarging, remodeling, repairing and improving schoolhouses existing in any such rural high-school district, community high-school district, or common-school district, and the purchase, repairing and installation of equipment therein or therefor: *Provided,* That no such bonds shall be issued until at an election called for that purpose, the question shall have been submitted to the qualified electors of the district, and a majority of all the qualified electors voting on the proposition shall have declared by their ballots in favor of the issuance of the same. All bonds issued under the provisions of this act shall be issued in accordance with the provisions of the general bond law, . . ."

Appellants concede this section does not specifically refer to a school building jointly owned and used with another school district, but argue that since a jointly owned building is not ex-

cepted, such a building is by implication included by the use of the word "any". We cannot agree.

In this state it has long been the rule that school districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and that any reasonable doubt as to the existence of such power should be resolved against its existence. (*School District v. Robb,* 150 Kan. 402, 93 P. 2d 905, 124 A. L. R. 879; *Township Board of Ash Creek v. Robb,* 166 Kan. 138, 199 P. 2d 521; *Byer v. Rural High School Dist. No. 4,* 169 Kan. 351, 219 P. 2d 382.)

In one of our earlier cases (*Stewart v. Gish,* 109 Kan. 206, 198 Pac. 259) a rural high school district and an ordinary school district formed in part from the same territory, each of which had statutory authority to erect a schoolhouse for its own use, attempted to join in the erection of a schoolhouse for their common benefit. This court held that without express legislative authority the two districts had no power to carry out such undertaking. The analogy of the reasoning upon which that decision was based is quite applicable to the question now before us. Subsequently the legislature enacted what now appears as G. S. 1949, 72-317, which provides for the construction of a school building for the joint use of two school districts upon the terms and conditions specified therein. However, even assuming, for the sake of argument, that this statute would have authorized the project sought to be undertaken here, compliance with its provisions was not had.

Appellants call our attention to § 17 of chapter 395, Laws of 1951, recently enacted by the legislature, pertaining to joint school buildings, and it is argued the language of this act (which did not become effective until July 1, 1951, and its publication in the statute book) is strong evidence of what was intended by the passage of G. S. 1949, 72-317, *supra.* We cannot agree. Aside from the fact the 1951 act would have no application to the proceedings under consideration, which took place in 1950—and it is conceded the parties to this litigation did not even take the steps now provided for by such later enactment for such a project as was attempted here—we think the language contained in the 1951 act is a clear legislative recognition of the fact that neither G. S. 1949, 72-317 nor 72-2016 was broad enough to include the project under consideration. The former concerns the joint *construction* of school buildings for the *joint use* of both districts specified therein, while

the latter has to do with the *equipping, enlarging, remodeling,* and so forth, of schoolhouses existing in any such district enumerated, but is silent as to schoolhouses *jointly* owned and used.

In conclusion, we hold that G. S. 1949, 72-2016, does not authorize, expressly or by necessary implication, the appellant high school district and its officers to use the proceeds from the sale of the bond issue in question to pay the cost of the project here attempted. The proposed action is clearly a use of public funds for a purpose other than that provided by the statute and is in violation thereof. Such being the case, the judgment of the lower court in ousting appellants from such illegal use was correct, and it is affirmed.