Mr. Calvin Rider Unified School District No. 266 201 South Park Maize, Kansas 67101
Dear Mr. Rider:
As attorney for unified school district no. 266 (U.S.D. 266), you request our opinion regarding the authority of a local board of education to enter into an agreement which would obligate the school district to: (1) "install, or cause to be installed, according to the design standards of the City, a forty-one (41) foot back to back paved street with curb and gutter . . .;" (2) "install, or cause to be installed, a sequencing three colored traffic control light with turn arrows . . .;" and (3) "pay the City an annual fee of $4,000 for the maintenance of streets, utilities, services, easements and right of ways." The roads to be paved and the intersection at which the traffic signal is to be installed abut a site purchased by the school district and are presently county roads.
According to the facts presented, the electors of U.S.D. 266 recently authorized the issuance of "general obligation bonds in an amount not to exceed $20,000,000, to pay the costs to purchase and improve a site or sites, to construct, equip and furnish a new grade 9-12 High School and a new grade 2-4 Elementary School in the District and all other necessary appurtenances thereto . . . ." The school district has purchased a 160-acre site which adjoins the city of Maize but is not presently within the city limits. The school district has requested that the area be annexed by the city of Maize. The city has requested that the school district enter into a "developers agreement" with the city, agreeing to perform the activities set forth above regarding road construction and maintenance. The city has indicated that if the school district does not enter into such an agreement the city will not approve the plat or annex the area.
School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Hobart v. U.S.D. No. 309,230 Kan. 375, 383 (1981). Pursuant to K.S.A. 72-6761, as amended by L. 1993, ch. 39, sec. 1, a unified school district may, upon following the proper procedures, issue general obligation bonds, the proceeds of which may be used to "purchase or improve a site or sites, or to acquire, construct, equip, furnish, repair, remodel or make additions to any building or buildings used for school district purposes, including housing and boarding pupils enrolled in an area vocational school operated under the board . . . ." However, such improvements, constructions, or repairs funded through the issuance of general obligation bonds may be undertaken only in light of the school board's authority as set forth in K.S.A. 72-8212.
 "K.S.A. 72-8212, in relevant part, provides: `The board shall have title to . . . all school buildings and other property belonging to the district.' (Emphasis added.) By virtue of this clear and unambiguous legislative pronouncement, we are of the opinion that such a board, subject only to statutory limitations, has complete control over and full legal ownership of all property belonging to the district, including all legal rights, titles and interests accruing by, or incidental to such ownership. However, we think it is equally clear that such a board has no authority to exert control over or exercise rights of ownership in any property other than property belonging to the district or in which the district has a legal property interest. We, therefore, are of the opinion that a board lacks authority to expend any of the district's funds for improvements to any property other than property belonging to said district or in which the district has a property interest." Attorney General Opinion No. 79-82.
Based upon the authority conferred under K.S.A. 72-8212, it was determined in Attorney General Opinion No. 79-82 that a school district does not possess the authority to expend school district funds for the purpose of constructing and maintaining diagonal parking facilities on property owned by a city. Because the school district held a vested property right of access to and from existing public streets, the school district could expend funds to provide entrances from a public street to a school parking lot.
In Attorney General Opinion No. 93-129, it was determined that a school district has the authority to acquire and maintain equipment, buildings, or other recreational facilities and make capital improvements on real property, title to which is held by a recreation commission. The authority to undertake such activities on property not owned by a school district is conferred upon a school district by state statute. See
K.S.A. 12-1924. No similar statute regarding the authority of a school district to pave county roads or install traffic signals exists. Therefore, as there is an absence of statutory authority allowing such action, a school district does not have the authority to pave county roads or to install traffic signals at an intersection of county roads.
In Attorney General Opinion No. 77-129, the issue of whether a school district could make a voluntary payment to a city for the purpose of defraying the costs of a sewage treatment and disposal system was addressed. Given the rule expressed in State ex rel. McAnarney v. RuralHigh School District No. 7, 171 Kan. 437 (1951), a precursor of Hobart,supra, regarding the authority of a school district, it was determined that absent express statutory authority, a school district "has no generalized residue of implied power which would permit it to make the requested payments." We believe this analysis is applicable to the annual payment being requested in the "developers agreement" presented by the city of Maize. We find that U.S.D. 266 does not possess the authority to make a voluntary annual payment to the city of Maize, the purpose of which is to provide for the maintenance of streets, utilities, services, easements and rights of way.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: