Deryl W. Wynn, General Counsel Unified School District No. 500 707 Minnesota Avenue, 4th Floor P.O. Box 171300 Kansas City, Kansas 66117
Dear Mr. Wynn:
As general counsel for Unified School District No. 500, you request our opinion regarding the authority of a unified school district to enter into a contract. Specifically, you ask whether Unified School District No. 500 may enter into an agreement with the University of Kansas Medical Center and K.U. Physicians, Inc. for the purpose of obtaining telemedicine services.
A draft of an agreement between the University of Kansas Medical Center and K.U. Physicians, Inc., (hereafter referred to collectively as KUMC) and Unified School District No. 500 (USD 500) has been provided for our review. According to provisions of that agreement:
 "Telemedicine is the interactive process between physician and patient facilitated by and through the electronic transfer of medical information over a distance between at least two sites. Telemedicine permits a doctor to take a history, look at medical tests, and even listen to hearts and lungs. KUMC is known internationally for its pioneering efforts in the field of telemedicine and, in particular, its application of telemedicine technology in the regular delivery of specialty medicine."
Under the agreement, telemedicine services would be made available at four elementary schools. An initial assessment of a student would be performed by the school nurse. The school nurse would then refer the student to KUMC for appropriate diagnosis and treatment. USD 500 would be responsible for providing the necessary PC-based telemedicine equipment and installing and maintaining proper communication lines.
KUMC would provide telemedicine support staff and "the facilities, equipment, and supplies, at KUMC, necessary to support KUMC's diagnosis and treatment of students referred to the telemedicine program." KUMC would also "coordinate and implement the billing and administration of fiscal reimbursement for healthcare [sic] services."
Kansas Courts have long held that school districts in Kansas have only such power and authority as are delegated to them.
 "School districts . . . of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence." Hobart v. Board of Education, 230 Kan. 375, 383 (1981).
See also NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512,517 (1983).
We have been unable to locate a State statute which expressly authorizes local boards of education to employ school nurses. However, several statutes continue to include school nurses within definitions of school employees. See K.S.A. 72-1758; 72-1793; 72-17,104; 72-5501. Also, the Legislature has expressly authorized the State Board of Education to establish certification requirements for school nurses. See K.S.A. 72-7513. Such requirements are set forth in K.A.R. 91-1-65, 91-1-67, and 91-1-111a. Considering these provisions in conjunction with the authority of local boards of education to "appoint other officers and employees to serve at the pleasure of the board," K.S.A. 72-8202e, it is our opinion that local boards of education may employ persons to serve as school nurses. By necessary implication, boards of education may contract for services or supplies required for school nurses to perform their duties.
The intention of the parties to a contract determines the proper construction to be given the provisions of the agreement. See Galindo v. City of Coffeyville,256 Kan. 455, 467 (1994); Parsons v. Biscayne Valley Investors Ltd., L.P., 23 Kan. App. 2d 718, 723
(1997). We do not provide an interpretation of the agreement between USD 500 and KUMC. However, if the telemedicine services contracted for under the proposed agreement between USD 500 and KUMC are required for school nurses employed by USD 500 to perform their duties, the board of education for USD 500 may enter into the agreement. Determination as to the needs of the school nurse employed by the school district is a matter resting in the sound discretion of the officers of the school district. See State, ex rel., McAnarney v. Rural High School District No. 7, 171 Kan. 437, 439
(1951).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm