John D. Gatz, Counsel Unified School District No. 315 P.O. Box 346 Colby, Kansas 67701
Dear Mr. Gatz:
As counsel to Unified School District No. 315, you ask whether a board of education may, by written policy, authorize the use of school buses for purposes other than those particular purposes set forth in K.S.A. 2005 Supp. 72-8316. You provide, as examples, the type of activities for which a school district may want to make buses available:
 • Òtransport Veterans of Foreign Wars in the local Memorial Day parade
 • Òtransport Leadership Kansas class members on a tour of area locations
 • Òtransport members of the school district's wrestling team to a summer camp held out-of-state
 • Òtransport the local American Legion baseball team, which is usually composed of school district students and recent graduates, to out-of-town baseball games
 • Òtransport school-age youth from this community and other communities to and from concerts and other activities sponsored by a marketing/advertising agency on New Year's Eve
 As you indicate, the use of school buses is governed by statute, specifically K.S.A. 2005 Supp. 72-8316, that in pertinent part provides:
 "(a) Any board of education, pursuant to a policy developed and adopted by it, may provide for the use of district-owned or leased school buses when such buses are not being used for regularly required school purposes. The policy may provide for:
 "(1) (A) Transporting parents and other adults to or from school-related functions or activities, (B) transporting pupils to or from functions or activities sponsored by organizations, the membership of which is principally composed of children of school age,[1] and (C) transporting persons engaged in field trips in connection with their participation in an adult education program maintained by the transporting school district or by any other school district, within or outside the boundaries of the transporting school district; and
 "(2) contracting with (A) the governing body of any township, city or county for transportation of individuals, groups or organizations, (B) the governing authority of any nonpublic school for transportation of pupils attending such nonpublic school to or from interschool or intraschool functions or activities, (C) the board of trustees of any community college for transportation of students enrolled in such community college to or from attendance at class at the community college or to and from functions or activities of the community college, (D) a public recreation commission established and operated under the laws of this state, for any purposes related to the operation of the recreation commission and all programs and services thereof, (E) the board of education of any other school district for transportation, on a cooperative and shared-cost basis, of pupils, school personnel, parents and other adults to or from school-related functions or activities, or (F) a four-year college or university, area vocational school or area vocational-technical school for transportation of students to or from attendance at class at the four-year college or university, area vocational school or area vocational-technical school or for transportation of students, alumni and other members of the public to or from functions or activities of the four-year college or university, area vocational school or area vocational-technical school."
 Thus, while K.S.A. 2005 Supp. 72-8316 authorizes a board of education to develop a policy for the use of its school buses when not being used for regularly required school purposes, the statute limits such policy to specified transportation purposes. The question you raise is whether the statutory constraints restrict the use of school buses to these specified purposes.
Our analysis begins with the Kansas Supreme Court's pronouncement regarding two sometimes competing provisions of the Kansas constitution:
 "It appears clear that the legislature under § 1 of Article 6[2] has the broad duty of establishing the public school system. The local school board's duties under § 5 of Article 6 [3]are not self-executing but are dependent upon statutory enactments of the legislature."[4]
 Kansas courts have construed school authority statutes based on the long-established principle that "school districts . . . have only such powers as are conferred by statute, specifically or by clear implication, and that any reasonable doubt as to the existence of such power should be resolved against its exercise."[5]
 These legal concepts, when coupled with the principle of expressio unius est esclusio alterius (inclusion of one thing implies the exclusion of another)[6] lead us to the conclusion
 that when adopting policies pertaining to use of district-owned or leased school buses, when those buses are not being used for regularly required school purposes, school districts are constrained by K.S.A. 2005 Supp. 72-8316 to use such buses only for the purposes identified by that statute.[7]
Sincerely,
 Phill Kline Attorney General
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] We note that this exception states that the membership of the organization must be composed primarily of school age children, andnot that the organization is sponsoring an event for school age children.
[2] "The legislature shall provide for intellectual, educational, vocational and scientific improvement by establishing and maintaining public schools, educational institutions and related activities which may be organized and changed in such manner as may be provided by law."
[3] "Local public schools under the general supervision of the state board of education shall be maintained, developed and operated by locally elected boards. . . ."
[4] Unified School Dist. No. 380, Marshall County v. McMillen,252 Kan. 451, 464 (1993). The Court did go on to say: "However, we do not imply that the legislature has carte blanche over the duties and actions of local school boards. The respective duties and obligations vested in the legislature and the local school boards by the Kansas Constitution must be read together and harmonized so both entities may carry out their respective obligations."
[5] State ex rel. McAnarney v. Rural High School Dist. No. 7, OsageCounty, 171 Kan. 437, 441 (1951); Hobart v. Board of Ed. of UnifiedSchool Dist. No. 309, 230 Kan. 375, 383-84 (1981).
[6] Macray v. Clubs, Inc., 32 Kan.App.2d 711, 714 (2004).
[7] While not specifically asked about the possible application of K.S.A. 2005 Supp. 72-8205(e), the school district "home rule" statute, in the absence of a definitive appellate decision we do not think that statute would alter the conclusion reached herein. Our thinking is premised on the provision within that section of the statute that states: "The power granted by this subsection shall not be construed to relieve a board from compliance with state law."