Jeff Chubb Emert, Chubb Gettler P.O. Box 747 Independence, Kansas 67301
Dear Mr. Chubb:
In your capacity as legal counsel for the Independence Community College you ask about the appropriate statutory method for filling a vacancy on the board of trustees. You ask specifically whether a community college board of trustees may fill a vacant board position by appointment or whether an election is required.
A community college is a statutory creation whose actions are limited by the content of those statutes.[1] An elected board of trustees is empowered to oversee the management and operation of the community college amongst other specific duties.[2] The board members are elected to four year terms that begin on July 1, following the election in April.[3] Board members "serve until their successors are elected or appointed and qualified."[4]
You inform us that two members of the Independence Community College board of trustees resigned before January 1, 2011 with more than two years remaining on their four-year terms. It has been suggested that because more than two years remain in the term and an election is scheduled to take place in April for the three board members whose terms will expire, the vacant positions should be added to the ballot. This is required for school districts where the remainder of the term exceeds two years.[5] We note that the Community College Election Act[6] includes the provisions of the School Election Act[7], except when a conflict occurs. When conflicts occur, the Community College Election Act prevails.[8]
In order to answer your question, we look to the statutory language describing the powers and duties of the board of trustees of a community college. K.S.A. 2010 Supp. 71-201(b)(15) states the board of trustees has the power:
 To appoint a member to fill any vacancy on the board of trustees for the balance of the unexpired term.
When a vacancy occurs, the board shall publish a notice one time in a newspaper having general circulation in the community college district stating that the vacancy has occurred and that it will be filled by appointment by the board not sooner than 15 days after such publication.[9]
As the courts have frequently noted, the first task is to "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning. When a statute is plain and unambiguous, this court will not speculate as to the legislative intent behind it and will not read the statute to add something not readily found in it."[10]
In this case, the legislature granted the board the authority to fill a vacancy, without regard to when the vacancy occurs. The first sentence of the statute has been in place since it was originally adopted in 1965.[11] The second sentence was adopted in 1973 with the intent "that the general public would have an opportunity to be aware of the existence of a vacancy on a community college governing body prior to any action bythe board of trustees."[12] We believe that the legislative intent is clear in that the board of trustees is authorized to fill a vacancy, subject to notice to the public.
The same language requiring the notice for school district vacancies was also added by the legislature in 1973 while retaining the requirement that an election occur if the unexpired term is greater than two years.[13] Our view is that if the legislature wished to place a similar election requirement upon a community college, the more restrictive language would have been added. As noted above, we are unable to read the statute other than the way it was written.
Although there are cross-references to the election requirements of schools and community colleges, the underlying question here has to do with vacancies. Although similar in language, community college and school district boards have distinctive instructions for filling vacancies. Only the school boards are required to conduct an election.
The court has adopted the following rule regarding statutory subdivisions:
 School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence.[14]
In conclusion, a community college board of trustees is charged with filling vacancies on the board after providing public notice. There is no authority for the board to place the matter before the voters.
Sincerely,

 Derek Schmidt
 Attorney General
 Michael J. Smith
 Assistant Attorney General

DS:AEA:MJS:ke
[1] K.S.A. 71-101 et seq.
[2] K.S.A. 2010 Supp. 71-201.
[3] K.S.A. 71-1412 and 1413.
[4] K.S.A. 71-1412.
[5] K.S.A. 25-2022.
[6] K.S.A. 71-1401 et seq.
[7] K.S.A. 25-2001 et seq.
[8] K.S.A. 25-2002 and K.S.A. 71-1419(b).
[9] Emphasis added.
[10] State v. Gracey, 288 Kan. 252, 256 (2009) (Internal citations omitted).
[11] L. 1965, ch. 417, § 14.
[12] Minutes, Senate Education Committee, January 29, 1973 (Emphasis added).
[13] K.S.A. 25-2022. See L. 1973, ch. 163, § 1.
[14] Hobart v. U.S.D. No. 309, 230 Kan 375, 383 (1981), citing Statev. Rural High School District No. 7, 171 Kan. 437 (1951). While the continuing application of the principle to school districts is clouded by the legislature's grant of limited home rule authority to school districts, K.S.A. 2010 Supp. 72-8205, the principle is still applicable to a board of trustees of a community college. *Page 1