F I L E D
United States Court of Appeals
Tenth Circuit

SEP 18 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RAMON MUNGUIA,

     Plaintiff-Appellant,

v.

UNIFIED SCHOOL DISTRICT NO. 328,
ELLSWORTH COUNTY, KANSAS;
JERRY HUFF, individually; CHUCK
CRAWFORD, individually; MIKE
PESCHKA, individually; SUE
LEDNICKY, individually; RON MAJOR,
individually; HOWARD BEHNKE,
individually; VIVIAN BLANCHAT,
individually, and as board members,

     Defendants-Appellees.

No. 96-3240

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-1026-MLB)**

---

Michael S. Holland, Russell, Kansas, for Plaintiff-Appellee.

E. Craig Kennedy (James T. Mamalis with him on the briefs) of Johnson &
Kennedy, Wichita, Kansas, for Defendants-Appellees.

---

Before **BRORBY, HOLLOWAY** and **EBEL**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

Plaintiff-appellant Ramon Munguia appeals a district court order granting summary judgment in favor of Unified School District #328 ("the Lorraine District") and the individually named defendants-appellees. The district court concluded Mr. Munguia did not have a protected property interest in continued employment with the Lorraine District and therefore the Lorraine District's failure to renew his employment contract and denial of his request for a hearing under Kan. Stat. Ann. § 72-5438(b) (1992) did not deprive him of his right to procedural due process. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 (1994) and affirm.

BACKGROUND

The following material facts are undisputed. Mr. Munguia taught high school Spanish in three separate Kansas school districts between 1983 and 1994. He had written contracts with Unified School District #327 ("the Ellsworth District") for the school years 1983-84 through 1990-91. For the school years 1991-92 and 1992-93, Mr. Munguia had a written contract with Unified School District #401 ("the Chase District"). During the 1993-94 school year, he executed a one-year, written contract to teach part-time in the Lorraine District, at a salary of $16,777. The 1993-94 contract was the only written contract Mr. Munguia ever executed with the Lorraine District. He had taught in the Lorraine District

-2-

from 1985 through the 1992-93 school year, however, pursuant to a series of inter-district agreements executed by the Ellsworth and Lorraine Districts and the Chase and Lorraine Districts.

Inter-district agreements to purchase the services of teachers from other districts are a common practice in rural Kansas since small districts often do not need, or cannot afford full-time teachers in specialty areas such as foreign language and special education. Accordingly, by written agreement, the Lorraine District purchased a portion of Mr. Munguia's time as a teacher from the Ellsworth District for the school years 1985-86 through 1990-91. Each school year the Districts executed a new agreement whereby the Lorraine District agreed to pay the Ellsworth District for a specified share of Mr. Munguia's base salary and social security. Mr. Munguia was not a party to these inter-district agreements, and at no time did he have a written employment contract with, or receive a salary check from the Lorraine District. The Ellsworth District provided Mr. Munguia's salary and benefit package in accordance with that District's policy. It was also the Ellsworth District that contributed to the Kansas Public Employees Retirement System on Mr. Munguia's behalf.

The Chase District and Lorraine District executed similar inter-district agreements for the 1991-92 and 1992-93 school years. Mr. Munguia was not a party to these agreements, under which the Lorraine District purchased a portion (six-tenths) of Mr. Munguia's time as a Spanish teacher from the Chase District. The Chase/Lorraine agreements explicitly recognized Mr. Munguia was an employee of the Chase District. In his deposition, Mr. Munguia testified he elected to sign a contract with the Chase District rather than the Lorraine District because the Chase District had better health insurance than that available through the Lorraine District. He received his salary and benefits from the Chase District in accordance with that District's policy, and it was the Chase District that contributed to the Kansas Employees Retirement System for Mr. Munguia.

In March 1993, Mr. Munguia notified the Chase District he was resigning. On July 1, 1993, he began to draw Kansas Employees Retirement System benefits derived from his employment with the Ellsworth and Chase Districts. Mr. Munguia testified during his deposition he knew he would receive retirement benefits if he "didn't go back to Chase," as Kansas law placed certain restrictions on the distribution of benefits upon re-employment after retirement. More specifically, under Kan. Stat. Ann. § 74-4914(5) (1992), Mr. Munguia could not receive any retirement benefits for any month in which he was re-employed after

retirement, for a salary greater than or equal to $10,200, by a school district which had employed him anytime during the final two years of service.

On August 2, 1993, Mr. Munguia executed his first written contract with the Lorraine District; pursuant to that contract he was to teach half-days during the 1993-94 school year at a salary of $16,777. At the time he signed that contract, he was also required to complete the federal I-9 and W4 forms required of all new employees. In April 1994, the Lorraine District notified Mr. Munguia that it did not intend to renew his contract for the 1994-95 school year. Upon receipt of the nonrenewal notice, Mr. Munguia requested a hearing under Kan. Stat. Ann. § 72-5438(b). The Lorraine District denied Mr. Munguia's request on the grounds he did not meet the tenure requirements of Kan. Stat. Ann. § 72-5445 (1992).

Mr. Munguia brought this action seeking reinstatement, compensatory and punitive damages, and attorney fees, based on allegations the defendants denied his request for a hearing in violation of his constitutional right to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. The defendants moved for summary judgment on the ground that, under Kansas law, Mr. Munguia was not a tenured employee and therefore had no

property interest in continued employment by the Lorraine District. The district court agreed and granted defendants' motion for summary judgment. Mr. Munguia's sole claim on appeal is the district court erred in finding he was not a tenured employee of the Lorraine District and therefore not entitled to a pre-termination hearing pursuant to Kan. Stat. Ann. § 72-5438(b).

## DISCUSSION

We review a district court's order granting summary judgment de novo, applying the same legal standard as the district court. *Goldsmith v. Learjet, Inc.*, 90 F.3d 1490, 1493 (10th Cir. 1996). Summary judgment under Fed. R. Civ. P. 56(c) is proper only if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Gullickson v. Southwest Airlines Pilots' Ass'n*, 87 F.3d 1176, 1183 (10th Cir. 1996). A "material" fact is one "that might affect the outcome of the suit under the governing law;" a "genuine" issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Mr. Munguia brought this case pursuant to 42 U.S.C. §§ 1983, 1985 (1994), thus invoking federal question jurisdiction under 28 U.S.C. § 1331.  However, to determine whether Mr. Munguia has been deprived of his right to procedural due process in contravention of the Fourteenth Amendment, we must first ask whether he possessed a protected interest such that procedural due process protections were applicable.  This threshold inquiry is determined by state law.  *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  We review the district court's application and interpretation of state law de novo.  *Farthing*, 39 F.3d at 1135.

This case centers on application of the Kansas Teacher Due Process Act, Kan. Stat. Ann. §§ 72-5436 to -5446 (1992 & Supp. 1996).  Under that Act a school district may elect not to renew a tenured teacher's contract only for good cause and after providing the teacher with timely notice and an opportunity for a hearing.  Kan. Stat. Ann. §§ 72-5437, 5439; *see Gillett v. U.S.D. No. 276*, 605 P.2d 105, 110 (Kan. 1980).  A nontenured teacher, on the other hand, is entitled only to timely notice of nonrenewal.  So long as a district provides a nontenured teacher with timely notice, it may dismiss the teacher with or without good cause and without a hearing.  Kan. Stat. Ann. § 72-5445(a).

Tenured teachers entitled to procedural safeguards prior to termination are:

(1) Teachers who have completed not less than three consecutive years of employment, and have been offered a fourth contract, in the school district, area vocational-technical school or community college by which any such teacher is currently employed; and (2) teachers who have completed not less than two consecutive years of employment, and been offered a third contract, in the school district ... by which any such teacher is currently employed if at any time prior to the current employment the teacher has completed the years of employment requirement of provision (1) in any school district, area vocational-technical school or community college in this state.

*Id*.

Mr. Munguia asserts neither a written contract of employment nor full-time employment is necessary to satisfy the tenure provisions of Kan. Stat. Ann. § 72-5445(a). He contends it was enough that the Lorraine District represented him as certificated personnel and evaluated his teaching performances and skills for eight consecutive years, from 1986 through the 1993-94 school year. In the alternative, Mr. Munguia asserts he had an implied contract of employment with the Lorraine District during that same eight-year period. We address these arguments, mindful of our obligation to discern and apply Kansas law in the same manner as would the Kansas' courts.

We begin by acknowledging that under Kansas law, school districts exist only as creatures of the legislature to operate as political subdivisions of the

-8-

State.  *Wichita Pub. Sch. Employees Union v. Smith*, 397 P.2d 357, 359 (Kan. 1964).  Accordingly, school districts have only such power and authority to contract for employment as the state legislature expressly grants or which is conferred by necessary implication.  *Id*.; *Gragg v. Unified Sch. Dist. No. 287*, 627 P.2d 335, 338-39 (Kan. App. 1981).  As shown above, the Kansas legislature has determined a teacher becomes tenured only upon the satisfaction of  three unambiguous statutory conditions:  (1) "employment", (2) in "the school district", (3) for a given number of  "consecutive" years.  Kan. Stat. Ann. § 72-5445.  The Kansas legislature further determined the position of teacher in the Kansas public school system would be created by contract, the terms of which are binding on both the teacher and the board of education of contracting school district.  *See* Kan. Stat. Ann. § 72-5412.  These provisions delimiting a school district's authority to employ and grant tenure to teachers are plain and unambiguous. Moreover, all persons contracting with a school district are deemed to have knowledge of the limitations (*i.e.*, that any contract created in contravention of the teacher contracting statutes is *ultra vires* and void).  *Gragg*, 627 P.2d at 338-39.

While we agree with Mr. Munguia the statutes pertaining to teacher contracts and tenure do not expressly require a written contract and have been

interpreted to apply to part-time as well as full-time teachers, nowhere do those statutes indicate the Kansas legislature contemplated anything other than an express employment relationship between school district and teacher -- a relationship defined by identifiable terms and conditions that are legally binding on both parties. *See* Kan. Stat. Ann. §§ 72-5410 through 72-5455 (1992 & Supp. 1996). Thus, consistent with the Kansas district court, we do not read the statutes as permitting a school district to create an employment relationship simply by virtue of its evaluation of a teacher's performance. *Burk v. Unified Sch. Dist. No. 329*, 646 F. Supp. 1557, 1564-65 (D. Kan. 1986). Nor do we believe a school district has authority to "employ" a teacher for tenure purposes simply by representing a teacher as "certificated district personnel." As Mr. Munguia does not otherwise assert that performance evaluations and personnel classifications are necessary extensions of a school district's limited contracting authority, we hold any attempt to contract with a teacher by these means alone would be ultra vires and void. Mr. Munguia's argument he became tenured by virtue of an implied contract with the Lorraine District is therefore without merit.

We turn, then, to the question of whether Mr. Munguia has presented any evidence to demonstrate he had an express or definite "employment" relationship with the Lorraine School District. Mr. Munguia does not dispute he executed

-10-

express, written contracts with the Ellsworth and Chase Districts for the school years 1983 through 1993. He also does not dispute he had no such contract with the Lorraine District until the 1993-94 school year. The parties further agree that from 1983 through 1993, the Ellsworth and Chase Districts paid Mr. Munguia's salary and contributed to the Kansas Public Employees Retirement System on his behalf. Mr. Munguia himself stated he chose to sign a contract with the Chase District rather than the Lorraine District because the Chase District had better health insurance benefits. Moreover, Mr. Munguia was aware he could not have received retirement benefits during the 1993-94 school year if he returned to the Chase district or any district which had employed him anytime during the prior two years. Viewing this uncontroverted evidence in Mr. Munguia's favor, as we must, we find no support for his claim he was "employed" by the Lorraine District prior to the 1993-94 school year, as that term is used in Kan. Stat. Ann. § 72-5445.

Finally, we note the plain language of both the continuing contract provisions and the due process provisions speak entirely in terms of "the" contracting school district, thus indicating the state legislature contemplated a teacher would be "employed" by a single school district at any given time. *See id.* at §§ 72-5412, 72-5445. That the term "employment" contemplates the existence

of a single, primary contract[1] with a single school district is further supported by the statutory provision which prohibits a teacher from entering into a contract with any board of education for any period of time covered in a contract with another school district, unless a board of education has released that teacher from his original contract or has legally discharged a teacher from his teaching position. *Id*. at § 72-5412. Mr. Munguia has proffered no evidence to suggest the three school districts are anything but separate legal entities with independent contracting authority, and no evidence he had been discharged or released from his express written contract with the Chase District prior to his notice of resignation in March 1993.[2] Accordingly, by statute, Mr. Munguia was without authority to contract for employment with the Lorraine District prior to the 1993-94 school year.

For all these reasons, we conclude Mr. Munguia did not possess a protected property interest in continued employment with the Lorraine District. We

---

[1] The statutes do, however, permit school districts to enter into supplemental contracts with their employees to provide such extra-curricular services as coaching. Kans. Stat. Ann. § 72-5412a (1992).

[2] To the contrary, based on language in the inter-district agreements, Mr. Munguia avers he was "jointly and simultaneously employed" by two districts at one time.

therefore **AFFIRM** the district court's order granting the defendants' summary

judgment motion.


                              **Entered for the Court**


                              **WADE BRORBY**
                              United States Circuit Judge