Paul J. Morrison Johnson County District Attorney Johnson County Courthouse P.O. Box 728 Olathe, Kansas 66051
Dear Mr. Morrison:
As District Attorney in the Tenth Judicial District, you request our opinion regarding reports that are to be made by unified school districts pursuant to K.S.A. 1997 Supp. 72-89b03, as amended by L. 1998, Ch. 171, § 4. Specifically, you ask whether the statute allows a unified school district to formulate a procedure whereby school personnel would report an incident to a school resource officer. School personnel and the school resource officer would then review the incident to determine whether a formal police report should be made.
In 1995, the Legislature enacted the School Safety and Security Act, K.S.A. 1997 Supp. 72-89b01 et seq. The Act required unified school districts to compile information regarding certain conduct occurring at schools and school sponsored activities and to make reports to designated officials. Initially, the Act required schools to make reports regarding conduct which involved "a direct or immediate threat to the safety or security of a human life, the possession, use or disposal [of] explosives, firearms or other weapons, or the commission of an inherently dangerous criminal act," defined in the Act to include such actions as murder, kidnapping, arson, aggravated assault, aggravated battery, felony drug offenses, and sexually violent crimes.[1] In 1996, the Legislature amended the reporting provisions of the Act. Thereafter, schools were required to report acts that "involved conduct which constitutes the commission of a felony or misdemeanor. . . ."[2] The effect of the amendment was to expand the types of incidents which would have to be reported to law enforcement agencies. In its present form, the Act states in part:
 "(b) Each board of education shall adopt a policy that will provide for includes:
 "(1) A requirement that an immediate report be made to the appropriate state or local law enforcement agency by or on behalf of any school employee who knows or has reason to believe that an act has been committed at school, on school property, or at a school supervised activity and that the act involved conduct which constitutes the commission of a felony or misdemeanor or which involves the possession, use or disposal of explosives, firearms or other weapons,; and
"(2) the procedures for making such a report;."[3]
Subsection (b) of K.S.A. 1997 Supp. 72-89b04 makes willful and knowing failure of school personnel to make any report required by subsection (a)(1) of K.S.A. 1997 Supp. 72-89b03, as amended, or preventing or interfering with the making of such report, a class B nonperson misdemeanor, subjecting the person to confinement in the county jail for not more than six months[4] and/or a fine not exceeding $1,000.[5]
School administrators and personnel are not subject to subsection (b) of K.S.A. 1997 Supp. 72-89b04 if:
 "(1) They follow the procedures of a policy adopted pursuant to the provisions of subsection (b) [of K.S.A. 1997 Supp. 72-89b03, as amended]; or
 "(2) their board of education fails to adopt such policy."[6]
Determining whether the proposed policy complies with the reporting requirements of K.S.A. 1997 Supp. 72-89b03, as amended, requires interpretation of the statutory provisions. "The interpretation of a statute is a question of law, and th[e] court's review is unlimited. Under the fundamental rule of statutory construction, the intent of the legislature governs when that intent can be ascertained from the statute."[7] "[I]t is fundamental that the intent of the legislature governs and, when construing a statute, a court should give words in common usage their natural and ordinary meaning."[8] "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be."[9]
Because willful and knowing failure to make reports required under K.S.A. 1997 Supp. 72-89b03, as amended, may subject a person to confinement and/or a fine, rules regarding the proper construction of criminal statutes must be considered.
 "The general rule is that a criminal statute must be strictly construed in favor of the accused and any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. However, this rule is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent."[10]
Clearly, K.S.A. 1997 Supp. 72-89b03, as amended, requires that reports required under the statute be made to a law enforcement agency. In order to determine whether the proposed procedure meets the requirements of subsection (b)(1) of 1997 Supp. 72-89b03, as amended, it must be determined whether a school resource officer is an "appropriate state or local law enforcement agency."
The School Safety and Security Act does not include a definition for "law enforcement agency." Following the rules of statutory construction, the natural and ordinary meaning of the term is applicable. Law enforcement agencies are those agencies charged with a duty to make arrests for violations of law.[11] Two cases have, without discussion, included the police, county attorney, Attorney General[12], and the Kansas Highway Patrol[13] as law enforcement agencies. It was determined in Attorney General Opinion No. 97-7 that the Kansas National Guard was a law enforcement agency for a limited purpose. The natural and ordinary meaning of the term, however, does not include entities which constitute law enforcement agencies for only limited purposes. Unified school districts are required by subsection (b) of K.S.A. 1997 Supp. 72-89b03, as amended, to adopt a policy establishing a procedure for reporting to the police, county attorney, Attorney General, Kansas Highway Patrol, or other similar law enforcement agency, as appropriate, acts which have been committed at school, on school property, or at a school supervised activity when the acts involve conduct which constitutes the commission of a felony or misdemeanor or which involves the possession, use, or disposal of explosives, firearms, or other weapons.
It is our understanding that a school resource officer is either a police officer assigned by the police department to the school or is an individual appointed by a unified school district pursuant to authority conferred under K.S.A. 72-8222. As previously noted, the police constitute a law enforcement agency. Therefore, a school policy providing for the reporting of an incident to a school resource officer who is employed as a law enforcement officer by the police department or other law enforcement agency may fulfill the requirements of K.S.A. 1997 Supp. 72-89b03 if such manner of reporting is acceptable to the law enforcement agency.
In 1986, the Attorney General opined that school security officers appointed pursuant to K.S.A. 72-8222 were not "law enforcement officers" as defined in K.S.A. 1985 Supp. 74-5602(e) and, thus, were not eligible for attendance at the Law Enforcement Training Academy.[14] The definition was amended the next legislative session to include "school security officers designated as school law enforcement officers pursuant to K.S.A. 72-8222" within the definition of "`[p]olice officer' or `law enforcement officer'" set forth in K.S.A. 1997 Supp. 74-5602(e).[15]
K.S.A. 72-8222 was likewise amended.[16]
 "The board of education of any school district . . . may employ school security officers, and may designate any one or more of such school security officers as a school law enforcement officer, to aid and supplement law enforcement agencies of this state and of the community in which the school district . . . is located. The protective function of school security officers and school law enforcement officers shall extend to all school district property and the protection of students, teachers and other employees together with the property of such persons on or in any school . . . sponsored function. While engaged in the protective functions specified in this section, each school security officer and each school law enforcement officer shall possess and exercise all general law enforcement powers, rights, privileges, protections and immunities in every county in which there is located any part of the territory of the school district. . . ."[17]
The amendments were enacted for the purpose of allowing designated school security officers to attend the Law Enforcement Training Academy. However, the law enforcement authority of the school security officers remains limited.[18] The function of the school security officers continues to be "to aid and supplement law enforcement agencies" of the State and the community in which the school district is located.
 "School districts in Kansas have only the power and authority that has been delegated to them:
 "`A school district is an arm of the state existing only as a creature of the legislature to operate as a political subdivision of the state. A school district has only such power and authority as is granted by the legislature and its power to contract, including contracts for employment, is only such as is conferred either expressly or by necessary implication.' Gragg v. U.S.D. No. 287, 6 Kan. App. 2d 152, Syl. ¶ 3, 627 P.2d 335 (1981)."[19]
A unified school district does not become a law enforcement agency by exercising its authority under K.S.A. 72-8222, nor does a unified school district establish a law enforcement agency when it designates one or more of its school security officers as school law enforcement officers. Therefore, reporting an incident to such a school resource officer does not fulfill the reporting requirements of subsection (b)(1) of K.S.A. 1997 Supp. 72-89b03, as amended, if the incident involves conduct which would constitute the commission of a felony or a misdemeanor, or which involves the possession, use, or disposal of explosives, firearms, or other weapons.
While reporting an incident to a school resource officer may not fulfill the reporting requirements of K.S.A. 1997 Supp. 72-89b03, as amended, the statute does not preclude a unified school district from enacting a policy whereby all reports of incidents are subject to review by the school resource officer. Legislative intent is to be determined from a general consideration of the entire act.[20] Subsection (b) of K.S.A. 1997 Supp. 72-89b04 states that "[w]illful and knowing failure of any employee designated by a board of education to transmit reports made by school employees to the appropriate state or local law enforcement agency . . . is a class B nonperson misdemeanor." The Legislature clearly contemplated that a unified school district may adopt a policy whereby all reports of incidents would be made to an employee designated by the board of education of a unified school district. The designated employee may then review the reports. If it is determined that the incident involves conduct which would constitute the commission of a felony or a misdemeanor, or which involves the possession, use or disposal of explosives, firearms, or other weapons, the designated employee is required to forward the report to the appropriate law enforcement agency.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] L. 1995, Ch. 123, § 3.
[2] L. 1996, Ch. 87, § 2.
[3] K.S.A. 1997 Supp. 72-89b03, as amended by L. 1998, Ch. 171, § 4 (emphasis denotes new language).
[4] K.S.A. 1997 Supp. 21-4502.
[5] K.S.A. 1997 Supp. 21-4503a, as amended by L. 1998, Ch. 192, § 5.
[6] K.S.A. 1997 Supp. 72-89b03, as amended.
[7] State v. Becker, 264 Kan. 804, 808 (1998) (citations omitted).
[8] Fisher v. State Farm Mutual Auto. Ins. Co., 264 Kan. 111, 118
(1998).
[9] In re Marriage of Killman, 264 Kan. 33, 42-43 (1998).
[10] State v. Lewis, 263 Kan. 843, 847 (1998).
[11] Prince George's County v. State Commission, 392 A.2d 105, 112, fn. 13 (Md Ct. of Appeals 1978).
[12] State v. Humphrey, 217 Kan. 352, 357 (1975).
[13] Daniels v. Kansas Highway Patrol, 206 Kan. 710, 712 (1974).
[14] Attorney General Opinion No. 86-139.
[15] See L. 1987, Ch. 277, § 2.
[16] See L. 1987, Ch. 277, § 1.
[17] K.S.A. 72-8222.
[18] See Attorney General Opinions No. 86-139; 77-63.
[19] NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517 (1983). See alsoMiller v. Board of Education, U.S.D. No. 470, 12 Kan. App. 2d 368, 373
(1987).
[20] Fee Ins. Agency, Inc. v. Snyder, 261 Kan. 414, 417 (1997)