The Honorable John L. Vratil State Senator, 11th District State Capitol, Room 120-S Topeka, Kansas 66612
Dear Senator Vratil:
You request our opinion regarding whether education service centers, formed by local school districts through interlocal cooperation agreements, may engage in certain activities. You indicate that some of your constituents who are engaged in private business are concerned that education service centers may be involved in activities that are in competition with private business and are beyond the scope of their statutory authority.
Specifically, you ask whether an education service center is authorized to do the following:
 1. Purchase a private business for the purpose of providing accounting, internet, and support services to school districts and other governmental entities;
 2. provide services to school districts and other governmental entities that are not members of the education service center;
 3. provide services, products, or commodities to governmental entities located outside of the State of Kansas; and
 4. provide the same or similar services, products, and commodities as are provided by private business that is subject to federal and state income tax.
Although your questions are not directed at any specific education service center, you have provided, by way of example, a copy of the agreement for the Southeast Kansas Education Service Center. That Center's purpose, as stated in the agreement, encompasses various kinds of specialized education programs as well as support services.
"The purpose of this educational service center (Center) shall be to cooperatively provide educational services in the area of special education, vocational education, career education, media services, curriculum development and inservice training for staff programs, and any other purpose authorized by law, and to meet the provisions for special education as required by the Kansas Legislature."[1]
The Kansas Constitution addresses cooperation among public school boards as follows:
 "When authorized by law, such boards may make and carry out agreements for cooperative operation and administration of educational programs under the general supervision of the state board of education, but such agreements shall be subject to limitation, change or termination by the legislature."[2]
The education service centers in question are created pursuant to the Interlocal Cooperation Act[3] and K.S.A. 2001 Supp. 72-8230. These provisions permit school districts to enter into interlocal cooperation agreements "for the purpose of jointly and cooperatively performing any of the services, duties, functions, activities, obligations or responsibilities which are authorized or required by law to be performed by school districts of this state. . . ."[4] Because these service centers are authorized to exercise "any power or powers, privileges or authority exercised or capable of exercise by any school district of this state, or by any board of education thereof,"[5] we must examine the powers of a local school district and board of education to determine whether an education service center may perform the activities you question.
School districts are created by the legislature and "have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence."[6] A school district may "execute contracts and hold such real and personal property as it may acquire."[7] Additionally, "[e]very unified school district shall possess the usual powers of a corporation for public purposes."[8] The general powers of a local board of education include the following:
 "(d) The board of education shall have the title to and the care and keeping of all school buildings and other school property belonging to the district. . . . School buildings and other school properties no longer needed by the school district may be disposed of by the board upon the affirmative recorded vote of not less than a majority of the members of the board at a regular meeting. The board may dispose of the property in such manner and upon such terms and conditions as the board deems to be in the best interest of the school district. . . .
 "(e) The board shall have the power to acquire personal and real property by purchase, gift or the exercise of the power of eminent domain. . . ."[9]
K.S.A. 2001 Supp. 72-5389 authorizes a board of education to purchase items for use by its pupils including "instructional materials for the use of technology in specific courses. . . ."
In addition to the general statutory powers outlined above, Kansas statutes grant specific authority to a school district to carry out certain educational programs. A school district may develop and maintain technology education programs, and may acquire equipment necessary for such programs.[10] Further, a school district that has a technology education program is required, upon request, to share information on the research, development and operation of such program with other school districts.[11]
The legislature has provided specific authority for the sale of school property related to vocational education programs as follows:
 "The board of education of any school district may sell at auction, by sealed bids or at a public or private sale any school property including building sites and buildings thereon which were constructed, reconstructed, repaired, modified, remodeled, furnished or equipped as part of a vocational education program of the school district by pupils enrolled therein. . . . The provisions of K.S.A. 72-8212
shall not apply to any transaction authorized by this section."[12]
With this statutory framework in mind, we now turn to each of your questions. Your first question is whether an education service center may purchase a private business for the purpose of providing accounting, internet, and support services to school districts and other governmental entities. An education service center is clearly authorized by statute to purchase personal property for use in the operation and administration of its educational programs. The broad grant of authority to a board of education "to acquire personal and real property by purchase"[13] may authorize the purchase of a private business by an education service center if the purchase is for use in the operation and administration of its educational programs.[14] Therefore, it is our opinion that if the purchase falls within the parameters of the interlocal cooperation agreement that created the center, a center may purchase a private business.
Your second and third questions ask whether an education service center may provide services and products to school districts and other governmental entities that are not members of the education service center in question, including entities located outside the State of Kansas. You state that some of your constituents who are engaged in private business are concerned that education service centers may be engaging in activities that compete with private business. Specifically, they are concerned that education service centers may be engaged in the business of developing, marketing and selling computer software to school districts and other governmental entities for the purpose of providing accounting, internet and support services. In Attorney General Opinion No. 94-155, we concluded that a board of education may enter into agreements with a private business to sell products manufactured by pupils of the school district pursuant to the board's authority to dispose of property "in such manner and upon such terms and conditions as the board deems to be in the best interest of the school district."[15]
"The fact that the choice of disposal selected by the board of education results in competition with a private business may be a factor weighed by the board in making its selection. However, the fact that such competition will occur does not statutorily preclude a board of education from selecting a particular form of disposal."[16]
The test is not whether activities of the education service center are in competition with private business, but rather whether those activities are authorized by statute, either directly or by clear implication.
Services and products provided by an education service center constitute property of the center which the center is authorized to dispose of in the manner and upon such terms and conditions as it deems to be in the best interest of the center. Because there are no geographical limits on the disposal of school property, an educational service center is authorized to provide services, products and commodities to governmental entities, including entities who are not members of that service center and who are located outside the State of Kansas, upon such terms and conditions as it deems to be in the best interest of the center.
Finally, you ask whether an education service center that is exempt from the payment of income tax may provide similar services, products and commodities as are provided by a private business that is required to pay income tax. We found no reference to the tax status of a school district or of an entity that receives school property in the statutory provisions regarding a school district's authority to dispose of property. Therefore, it is our opinion that an education service center may provide the same or similar products and commodities as are provided by private business.
In conclusion, an education service center may purchase a private business for the purpose of providing accounting, internet and support services to school districts and other governmental entities provided the purchase and provision of services are in furtherance of the operation or administration of the educational programs of the center. An education service center may provide similar services and products as are provided by private business to school districts and governmental entities that are not members of that education service center, including entities that are located outside the State of Kansas, upon the terms and conditions as the center deems to be in its best interest.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Agreement, Southeast Kansas Education Service Center, p. 2 March 25, 1998.
[2] Kan. Const., Art. 6, § 5 (emphasis added).
[3] K.S.A. 12-2901 et seq.
[4] K.S.A. 2001 Supp. 72-8230.
[5] Id.
[6] Hobart v. U.S.D. No. 309, 230 Kan. 375, 383 (1971); see alsoGragg v. U.S.D. No. 287, 6 Kan. App. 2d 152, Syl. ¶ 3 (1981).
[7] K.S.A. 2001 Supp. 72-8201.
[8] Id.
[9] K.S.A. 72-8212.
[10] K.S.A. 72-3703.
[11] K.S.A. 72-3710.
[12] K.S.A. 72-8232.
[13] K.S.A. 72-8212(e).
[14] See Attorney General Opinion No. 95-13 (a board of education may purchase computer terminals to be placed in the residences of members of the board of educaiton to be used solely for school purposes).
[15] K.S.A. 72-8212(d).
[16] Attorney General Opinion No. 94-155.