Granville M. Bush IV, Counsel Unified School District No. 444 229 S. Broadway, P.O. Box 6 Sterling, Kansas 67579
Dear Mr. Bush:
As legal counsel for Unified School District No. 444, you request our opinion regarding whether a board of education for a unified school district may contract with a limited liability company that will provide superintendent services for the unified school district.
You have provided us with a draft of the agreement that would be entered into by Unified School District No. 444 (U.S.D. No. 444) and the limited liability company (Agency). Under the terms of the agreement, U.S.D. No. 444 would "hire Agency to provide qualified superintendent services to [U.S.D. No. 444]."[1] "[The] Agency will provide [U.S.D. No. 444] with a list of superintendents, references and qualifications, prior to their assignment at [U.S.D. No. 444]."[2] U.S.D. No. 444 "maintain[s] final control to independently determine the professional and personal suitability of any candidate"[3] and "may decline assignment of any Agency superintendent prior to confirmation of assignment without having to qualify the reason."[4] The agreement will terminate if U.S.D. No. 444 "does not approve of any available superintendent candidates."[5] Compensation will be paid by U.S.D. No. 444 to the Agency.[6] The Agency will "maintain employer status of superintendent for payroll purposes"[7] and will "provide [to U.S.D. No. 444] satisfactory evidence of coverage for professional liability, workers' compensation and unemployment insurance . . . in amounts determined by Agency."[8] "Direction, supervision and evaluation of duties [are] the sole responsibility of [U.S.D. No. 444]."[9] The agreement is to be effective for one year,[10] subject to modification or termination.[11] "Any Agency superintendent whose information has been submitted to [U.S.D. No. 444] by Agency, [sic] may not be employed at [U.S.D. No. 444] either directly or through another Agency for one year following termination of this Agreement for any reason."[12]
The authority to acquire superintendent services is conferred under K.S.A. 72-8202b.
"The board of education of each school district shall appoint a superintendent of schools for a term of not more than three (3) years. The board may appoint one or more assistant superintendents of schools, supervisors and principals for terms of not more than three (3) years. The board may give any assistant superintendent of schools the title of `assistant superintendent of schools,' `deputy superintendent of schools' or `associate superintendent of schools.' No person employed under the authority of this section shall be a member of the board. The superintendent, any assistant superintendents, supervisors and principals shall receive compensation fixed by the board."[13]
We apply the rules of statutory construction in order to determine whether K.S.A. 72-8202b confers upon a board of education the authority to appoint a limited liability company that will provide superintendent services. "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. (Citation omitted.) The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted."[14]
"`(T)he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible[, to] the entire act and every part thereof. To this end, it is the duty of the court, as far a practicable to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' In re Marriage of Ross, 245 Kan. 591, 594,783 P.2d 331 (1989).
"`In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof in pari materia.'Kansas Commission on Civil Rights v. Howard, 218 Kan. 248, Syl. ¶ 2, 544 P.2d 791 (1975).
"`The intent of the legislature is to be derived in the first place from the words used. (Citation omitted.) "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determining what the law should or should not be." (Citation omitted.) Words in common usage should be given their natural and ordinary meaning. (Citation omitted.)' Davis v. City of Leawood,257 Kan. 512, 517, 893 P.2d 233 (1995)."[15]
In reviewing a school district's authority to contract, it must be remembered that a school district in Kansas has only such power and authority as has been delegated to it under State law.
"A school district is an arm of the state existing only as a creature of the legislature to operate as a political subdivision of the state. A school district has only such power and authority as is granted by the legislature and its power to contract, including contracts for employment, is only such as is conferred either expressly or by necessary implication."[16]
"[A]ny reasonable doubt as to the existence of such power should be resolved against its existence."[17]
The plain language of the statute provides that a board of education has the authority to set the compensation that is to be paid to the superintendent. There is no language in the statute indicating that a board of education may confer such authority upon another entity. Because the authority of a board of education is only such as is conferred either expressly or by necessary implication and any reasonable doubt as to the existence of such power should be resolved against its existence, it is determined that a board of education may not enter into an employment contract for superintendent services when the contract confers upon another entity the authority to establish the compensation to be paid the person appointed as superintendent.
The power to "appoint" is the authority "[t]o designate, ordain, prescribe, constitute, or nominate; . . . [t]o assign authority to a particular use, task, position, or office."[18] The "[t]erm is used where exclusive power and authority is given to one person, officer, or body to name persons to hold certain offices."[19] A "superintendent" is "a person with the power to direct activities; a manager,"[20] and "one who has the oversight and charge of a place, institution, department, organization, or operation with the power of direction."[21]
After reviewing the language of K.S.A. 72-8202b, it is apparent that the Legislature intended to confer upon a board of education the authority to designate a person who will act as superintendent for the school district. In some instances, the Legislature has authorized a school board to contract with a third entity in order to meet its obligations.[22] K.S.A. 72-8202b, however, is silent as to whether a board of education may contract with another entity that will appoint a superintendent for the school district. As previously noted, a board of education has only such authority as is conferred either expressly or by necessary implication. A board of education does not have the authority to enter into a contract that confers upon another entity the power to appoint a person who will serve as superintendent for the school district.
The ability of a unified school district to confer its appointment authority is likewise restricted as the power to appoint is a legislative power.[23]
"The legislature is empowered by section 21 of article2 of the Kansas constitution to confer powers of local legislation and administration upon political subdivisions of the state. . . . While the legislature may delegate its powers in certain respects to local governmental bodies, such local bodies may not, at least in the absence of express authorization, delegate their powers or duties except such as are purely ministerial or executive. 16 C.J.S. Constitutional Law § 161 (1984)."[24]
"It is . . . a legislative function to determine the qualifications of the officers and by whom they shall be appointed and in what manner they shall be appointed."[25]
The Legislature has determined that the authority to appoint a superintendent is to be exercised by a board of education. There is no authority conferred upon a board of education to delegate this power to another entity. Therefore, a board of education may not enter into a contract the effect of which is to confer upon another entity the authority to appoint a superintendent for the school district.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Correspondence, Attachment, Clause 1.1, Granville M. Bush IV, April 19, 2002.
[2] Id. at Clause 2.3.
[3] Id. at Clause 2.4.
[4] Id. at Clause 2.5.
[5] Id. at Clause 2.4.
[6] Id. at Clauses 4.1.
[7] Id. at Clause 4.2.
[8] Id. at Clause 1.4.
[9] Id. at Clause 4.2.
[10] Id. at Clause 3.1.
[11] Id. at Clauses 4.1, 8.
[12] Id. at Clause 4.4. See also Id. at Clause 5.
[13] K.S.A. 72-8202b(a).
[14] Quality Developers, Inc. v. Thorman, No. 86,435 (Kan. Ct. of Appeals August 31, 2001), quoting In re Marriage of Killman, 264 Kan. 33,42-43 (1998).
[15] McCraw v. City of Merriam, No. 86,127 (Kan. July 13, 2001).
[16] NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517 (1983). Seealso Miller v. Bd. of Ed., U.S.D. No. 470, 12 Kan. App. 2d 368, 373
(1987); Munguia v. U.S.D. No. 328, 125 F.3d 1353, 1356 (10th Cir. 1997).
[17] Hobart v. U.S.D. No. 309, 230 Kan. 375, 383 (1971). See alsoGragg v. U.S.D. No. 287, 6 Kan. App. 2d 152, Syl. ¶ 3 (1981).
[18] Black's Law Dictionary 91 (1979).
[19] Black's Law Dictionary 91 (1979).
[20] Black's Law Dictionary 1451 (1999) (emphasis added).
[21] Webster's Third New International Dictionary 2294 (1993).
[22] See K.S.A. 72-8301(c) (board of education may "contract, lease or hire buses . . . owned and operated by a public common carrier of passengers" or "reimburse persons" in order to meet the school district's obligation to provide transportation for pupils).
[23] Attorney General Opinion No. 97-39, citing Sedlak v. Dick,256 Kan. 779 (1995); Vakas v. Kansas State Board of Healing Arts,248 Kan. 589 (1991); Gumbhir v. Kansas State Board of Pharmacy,228 Kan. 579 (1980); Van Sickle v. Shanahan, 212 Kan. 426, 440 (1973);State v. Crawford, 104 Kan. 141 (1919).
[24] Attorney General Opinion No. 95-33.
[25] Leek v. Theis, 217 Kan. 784, 808 (1975).