The Honorable Jerry D. Williams State Representative, 8th District State Capitol, Room 273-W Topeka, Kansas 66612
Dear Representative Williams:
You request our opinion regarding whether the Board of Trustees for Neosho County Community College may enter into a contract of employment with a person who will serve as President of the Community College when the contract is set for a term of three years and includes a provision that the term may be renewed following the expiration of each year of service.[1]
A community college, like a unified school district, is an arm of the State existing only as a creature of the Legislature to operate as a political subdivision of the State.[2] As such, its board of trustees "has only such power and authority as is granted by the legislature and its power to contract, including contracts for employment, is only such as is conferred either expressly or by necessary implication."[3]
Further, a community college is a municipal corporation.[4]
"One who makes a contract with a municipal corporation is bound to take notice of limitations on its power to contract. . . . The municipal corporation cannot in any manner bind itself by any contract which is beyond the scope of its powers, and all persons contracting with the municipal corporation are deemed to know its limitations in this respect."[5]
Any attempt by the board of trustees of a community college to enter into a contract or formulate a policy that violates or exceeds State law is ultra vires and void.[6]
The board of trustees of a community college is "responsible for the operation, management and control of the college."[7]
"[T]he board of trustees in addition to such other powers expressly granted to it by law and subject to the rules and regulations of the state board of regents is hereby granted the following powers:
. . . .
 "(4) To appoint and fix the compensation and term of office of a president or chief administrative officer of the college."[8]
The board of education of a unified school district may appoint a superintendent of schools and other designated officers for terms of not more than three years.[9] A similar restriction on the length of term for which a board of trustees for a community college may appoint a president of the college is not included in K.S.A. 2002 Supp. 71-201. When a statute is plain and unambiguous, the court will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute.[10] Therefore, the Board of Trustees for Neosho County Community College is authorized under K.S.A. 2002 Supp. 71-201 to include in an employment contract with a person who is to serve as President of the College a provision that the term of employment is three years and that at the expiration of each year of service during that term, the Board may take action such that the term of employment continues to be three years.
This general grant of statutory power is subject to limitations contained in other applicable statutes.[11] A community college is a "municipality"[12] subject to the cash basis law.[13] "In general, the cash basis law prohibits municipalities from creating indebtedness in excess of funds actually on hand in the treasury of the municipality. K.S.A. 10-1113. Contracts entered into by municipalities in violation of the cash basis law are void. K.S.A. 10-1119."[14] The cash basis law, however, does not prohibit a municipality from entering into an agreement that provides for the payment of funds in future fiscal years, provided the obligation to pay is dependent on a contingency and funds necessary to meet the obligation will be available after such contingency is met.[15] "[T]he general rule [is] that compensation for services becomes due only when those services have been rendered."[16]
Neosho County Community College does not incur an indebtedness or obligation to compensate the President for services until the end of the payroll period for work done during that pay period. Funds necessary to cover the compensation due the President should be available at that time. Under such circumstances, the employment contract does not violate the cash basis law.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] You indicate in your letter requesting an opinion that the term of employment was automatically extended at the end of each year of service. Legal counsel for Neosho County Community College states, however, that the term is extended for an additional year only upon affirmative action of the Board of Trustees following its annual evaluation of the President's service. Correspondence, R. Kent Pringle, February 20, 2003.
[2] See K.S.A. 71-701; Reinecker v. Board of Trustees, 198 Kan. 715
(1967). See also Attorney General Opinion No. 88-157 (recreation commission).
[3] NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517 (1983). See alsoMiller v. Bd. of Ed., U.S.D. No. 470, 12 Kan. App. 2d 368, 373 (1987);Munguia v. U.S.D. No. 328, 125 F.3d 1353, 1356 (10th Cir. 1997).
[4] Attorney General Opinion No. 91-109.
[5] Bd. of Education of U.S.D. No. 443 v. Kansas State Bd. ofEducation, 266 Kan. 75, 88 (1998), quoting Gragg v. U.S.D. No. 287,6 Kan. App. 2d 152, 155 (1981).
[6] Burk v. Unified School District No. 329, Wabaunsee County,646 F. Supp. 1557, 1564 (D. Kan. 1986); Gragg, 6 Kan. App. 2d at 155
(1981).
[7] K.S.A. 2002 Supp. 71-201(a).
[8] K.S.A. 2002 Supp. 71-201(b).
[9] K.S.A. 72-8202b.
[10] Wichita Eagle Beacon Pub. Co. v. Simmons, Kan., 50 P.3d 66,82 (2002).
[11] See NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517-18 (1983).See also U.S.D. No. 207 v. Northland National Bank, 20 Kan. App. 2d 321
(1994).
[12] K.S.A. 10-1101(a).
[13] K.S.A. 10-1101 et seq.
[14] State ex rel. Tomasic v. Unified Gov't of Wyandotte County/KansasCity, 265 Kan. 779, 803 (1998).
[15] City of Wichita v. Wyman, 158 Kan. 709, 712-13 (1944); Internat'lAss'n of Firefighters v. City of Lawrence, 14 Kan. App. 2d 788, 801-02
(1990); see Gragg, 6 Kan. App. 2d at 154.
[16] Internat'l Ass'n of Firefighters, 14 Kan. App. 2d at 800, citingCarney v. Havens, 23 Kan. 82, 86 (1879).